Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville, for movant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for respondent.

**Derwin K. HAYMON, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Sept. 21, 1983.

VANCE, Justice.

The question is whether possession of a firearm obtained during the commission of a burglary constitutes use of a weapon so as to preclude eligibility for probation, shock probation, or conditional discharge under the terms of K.R.S. 533.060(1).

Movant entered a plea of guilty to a charge of first degree burglary committed by knowingly and unlawfully entering a building with intent to commit a crime and while in immediate flight therefrom he was armed with a deadly weapon, a shotgun. K.R.S. 511.020(1). In fact, he stole the shotgun and left the premises with it. He was

not armed with a deadly weapon when he entered the premises.

K.R.S. 533.060(1) provides:

When a person has been convicted of an offense or has entered a plea of guilty to an offense classified as a Class A, B, or C felony and the commission of such offense involved the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury, such person shall not be eligible for probation, shock probation or conditional discharge.

Upon the basis of this statute movant's motion for probation was denied. On appeal to the Court of Appeals the denial of probation was affirmed. We granted discretionary review to consider the meaning which should be given to the phrase "use of a weapon" in the statute.

The Commonwealth contends that possession of a weapon involves its use; that the intent of the General Assembly was to deter the involvement or presence of weapons in the commission of crimes. Admittedly, the word "use" is subject to such a construction.

On the other hand, the General Assembly took pains to distinguish between being "armed" with a weapon and the "use of a weapon" in the burglary statute. The offense can be committed by one who is only "armed" with a deadly weapon but when dangerous instruments are involved there must be a showing of their use or threatened use. The movant contends, therefore, that mere possession of a weapon constitutes being "armed" with a weapon but "use" of a weapon contemplates that it be employed in some manner in the commission of an offense. This too is a plausible explanation of the meaning of the word "use."

We conclude that the phrase "use of a weapon" as it is used in K.R.S. 533.060(1) is ambiguous in that it is subject to two entirely different but nevertheless logical interpretations. It is not possible to determine which meaning the General Assembly intended to be given to the phrase "use of a weapon" and for that reason the movant is entitled to the benefit of the ambiguity.

Because there was no showing that a weapon was used in any manner to further the commission of the offense, the trial court was in error in his belief that probation was precluded by the statute. This does not mean, of course, that probation should have been granted but only that it should have been granted or denied upon the basis of consideration of the merits of all other relevant factors.

The decision of the Court of Appeals is reversed, and the case is remanded for further consideration of the motion for probation.

STEPHENS, C.J., and VANCE, GANT, AKER, LEIBSON and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., dissents.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because KRS 533.060(1) does prevent the granting of probation to an accused who has pled guilty to burglary in the first degree which is an offense involving the use of a firearm.

When Haymon stole the two shotguns which were both operable although unloaded, he came within the definition of the word "use" for the purposes of the statute.

The real question is how the word "use" is defined for purposes of KRS 533.060(1). I believe Haymon's conduct is the use of a weapon in the commission of a felony.

I agree with the majority of the Kentucky Court of Appeals panel which was persuaded by the California case of *People v. Reaves,* 42 Cal.App.3d 852, 117 Cal.Rptr. 163 (1974). The legislative intent of the Kentucky General Assembly was to prevent death and injury as the result of the involvement of firearms in the commission of a crime. The California court was exactly correct when it determined that the underlying intent of the legislature is to deter persons from creating a potential for death or injury resulting from the very presence

of a firearm at the scene of a crime. Kentucky's legislature was obviously motivated by similar concerns when it established KRS 533.060(1). Our statute provides for no exceptions from the meaning of "use." The Kentucky Court of Appeals was exactly correct when they construed the use of a firearm consistent with our legislature's intent to include the creation of a potential for death or injury by the very presence of a firearm in the hands of the criminal.

Both parties cite Websters Dictionary as a basis of their position concerning the construction of the word "use" as set out in the statute.

The ordinary and accepted meaning of the word "use" includes both an active and passive sense. "Use" in this statute is a noun. The definition of the noun "use" in Websters Third New International Dictionary includes the ability or power to use something. Clearly the thief had the ability to use the shotguns in display. Mere display escalates the situation to a dangerous and risky level. Actual display is not required. Haymon had "use" of the weapons.

The definition of "use" in Black's Law Dictionary, includes the purpose served, a purpose, object or end for useful or advantageous nature. Here Haymon's commission of first-degree burglary involved a firearm which had the capacity of being used for an advantageous purpose. His crime came within the prohibition of the statute.

It should be recognized that the statute in question involves restricting the legislative grant of the privilege of probation. The power to grant probation is not inherent in the courts but is conferred by the legislature. *Lovelace v. Commonwealth*, 285 Ky. 326, 147 S.W.2d 1029 (1941). The legislature has authorized the courts to grant probation with the limitation that probation may not be granted where the offense is a Class A, B or C felony and the commission of the crime involved the use of a firearm. The provisions of the statute must be strictly construed. The trial judge properly ruled that it was not permitted to consider probation because the offense involved a firearm.

In order to more correctly reflect the true legislative intent, I would hold that being armed with a weapon is a "use" of the weapon within the meaning of KRS 533.-060(1).