Jewell **PENN**, Movant,

v.

**COMMONWEALTH of Kentucky**, Respondent.

Supreme Court of Kentucky.

March 21, 1985.

B.M. Westberry, Westberry & Roberts, Marion, for movant.

Steven L. Beshear, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENS, Chief Justice.

Jewell Penn appeals to this Court from a judgment and conviction of the Crittenden Circuit Court sentencing him to one year in the State Penitentiary on a charge of bribing a witness, KRS 524.020, and a $500.00 fine on a charge of trafficking in marijuana KRS 218A.140. The Court of Appeals affirmed and we granted discretionary review limited to the sole issue of the bribery conviction.

The facts in this appeal center around the discovery and seizure of a quantity of marijuana found on a tract of land owned by Movant.

The only testimony pertinent to the bribery issue was that of Norris "Buddy" Singleton. Singleton testified that Penn came to his house to ask Singleton if he knew anything about the marijuana patch Singleton had seen on Penn's property. Singleton testified that Penn "asked me not to say anything about it and he said that the patch didn't belong to him and that people that owned it would give me a certain amount of money not to say anything about the patch...." Singleton testified that Penn said the amount that he was told he would be given was $10,000, and he felt that Penn was authorized to make the offer. He also said that in his own mind he did not feel he was being offered the $10,-000 not to testify in court.

The sole issue before this Court in this appeal is whether the evidence presented at trial was sufficient to support the conviction.

KRS 524.020 is as follows:

524.020. Bribing a witness. (1) A person is guilty of bribing a witness when he offers, confers or agrees to confer any pecuniary benefit upon a witness or a person he believes may be called as a witness in any official proceeding with intent to:

(a) Influence the testimony of that person; or

(b) Induce that person to avoid legal process summoning him to testify; or

(c) Induce that person to absent himself from an official proceeding to which he has been legally summoned.

(2) Bribing a witness is a Class D felony. (Enact. Acts 1974, Ch. 406, § 201.)

Movant contends that the evidence is insufficient to sustain a charge of bribery because there is no allegation in the indictment nor is there any proof in the record that there was any "official proceeding" underway at the time of the attempted bribe and therefore Singleton could not be a "witness" as contemplated by the stat-

ute. Movant argues that for a bribery conviction to be sustained the alleged bribe must have been offered during the time that a trial, formal proceeding, inquiry or investigation was pending in which the "witness" or one about to be called as a "witness" was to give testimony.

As authority for this position, movant cites the case of, *Commonwealth v. Bailey*, Ky., 82 S.W. 299 (1904). *Bailey* is no longer controlling since it was based on a statute which is no longer in existence.

■ The language of the current statute requires a contrary result to that of *Bailey*. KRS 524.020 says that: "A person is guilty of bribing a witness when he offers, confers or agrees to confer any pecuniary benefit upon a witness *or a person he believes may be called as a witness ...*" [Emphasis added.] The inclusion in this statute of the above underlined language broadens the scope of the statute to include the bribe offered under the facts of this case. KRS 524.020 was enacted to prevent this kind of corrupt interference with the judicial process and the proper administration of justice. The question is not whether the person offered the bribe has technically been classified as a "witness" in a pending proceeding so much as it is whether the person offered the bribe, "... *may be called as a witness in any* official proceeding ..." The current statute's specific use of the word "may" in and of itself removes the absolute requirement previously imposed by *Bailey*, that the accused should know that the person to whom the bribe was offered was in fact a witness. The jury must only be convinced that the accused had an intent to influence the testimony of a potential witness.

■ Under this interpretation of KRS 524.020 it is clear that Singleton's testimony at trial provides sufficient evidence to support the conviction. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

The judgment of the Crittenden Circuit Court is affirmed.

STEPHENS, C.J., and AKER, GANT, STEPHENSON, VANCE, and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents and files a dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. The potential mischief inherent in the present decision is greater than the evil it seeks to suppress.

The appellant offered his neighbor a substantial amount of money "not to tell anybody about" his marijuana patch. The neighbor was not then a witness nor a prospective witness in any "official proceeding" under way or contemplated at the time. KRS 524.020 limits the offense to offering a bribe to any "witness" or "person" the offender "believes may be called as a witness in any official proceeding with intent to ... influence the testimony of that person."

Here the purpose of the offer was to persuade the neighbor not to inform on the appellant and had nothing to do with his testifying should the crime be otherwise discovered. As it turned out, the neighbor told the police and appellant was prosecuted.

In my view, an existing "official proceeding" of some kind is a threshold requirement to the offense of bribery. There are good reasons for such a view. However reprehensible it may be, it is not unlawful to refuse to inform on a criminal offense. It is reasonable to assume that the legislature intended to limit the offense of bribery to bribing a person to commit an unlawful act. It is also reasonable to assume that the legislature intended as a minimum requirement that the person offered the bribe had a legal duty to report what he saw.

It is a fundamental rule of construction of penal statutes that the language of the statute shall be strictly construed and the defendant acquitted where the language is ambiguous. *Haymon v. Commonwealth*, Ky., 657 S.W.2d 239 (1983). Penal statutes are not to be extended by construction, but must be limited to cases clearly within the language used. *Commonwealth v. Ma-*

*lone,* 141 Ky. 441, 132 S.W. 1033 (1911). "Moreover, doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results." *Commonwealth v. Colonial Stores, Inc.,* Ky., 350 S.W.2d 465 (1961); *Boulder v. Commonwealth,* Ky., 610 S.W.2d 615, 618 (1980). Applying these rules to the present case, the statute is limited at most to a witness or prospective witness in an ongoing "official proceeding." It does not include offering a bribe to a potential informant.

KRS 524.020 keys on an "official proceeding" but makes no distinction between civil and criminal proceedings or between judicial and administrative proceedings. An offer to confer a benefit to influence a witness is a bribe under the majority's decision if the "official proceeding" is merely civil and/or administrative in nature. Thus broad in scope, surely the offense should be limited to an "official proceeding" in progress. Otherwise, a number of situations come to mind where a person could be convicted of offering a bribe for offering to confer a benefit for keeping a secret in a relatively innocuous conversation regarding a matter wholly civil in nature with no potential criminal overtones: business secrets that could wind up in a contract action, corporate secrets that could wind up in a shareholder's action, or even a personnel matter that could wind up before an administrative agency.

The only Kentucky case dealing with the subject matter is *Commonwealth v. Bailey,* Ky., 82 S.W. 299 (1904), holding that the statute on bribery then in existence should be construed to require that the person bribed must in fact be a witness and that to be a witness there must be an ongoing proceeding. Thus we are faced not only with a statute that is ambiguous, but with the only Kentucky case on the subject pointing the other way.

The most the Commonwealth had to argue in this case was that what the appellant did *ought* to be illegal. In my view,

this is not enough to sustain a criminal conviction.