Debora PRUITT, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Nov. 21, 1985.

Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., David A. Smith, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The appeal is from a judgment sentencing appellant to a term of imprisonment for complicity to commit murder in which probation was denied because the offense included the use of a weapon proscribed by K.R.S. 533.060(1).

No argument is made that the evidence was insufficient to support the verdict. Instead, appellant contends that certain inconsistent and incriminating statements which she made to officers investigating the murder, which statements were admitted in evidence against her, were involuntarily obtained in violation of her Fifth Amendment rights and should have been excluded from evidence.

The case involved the death of appellant's husband, and when the investigation began and appellant was first interrogated by police officers, appellant was not a suspect. The interrogation of appellant concerned only routine matters. The following day appellant was requested, but not required, to come to police headquarters for the purpose of hypnosis to assist her powers of recall. She was still considered a victim of a crime, not a suspect, and she voluntarily appeared for the hypnosis.

Following the hypnosis session, appellant agreed to take a polygraph test. *Miranda* warnings were given. She was not under arrest but made no effort to leave. She did not request a lawyer, and she did not indicate a desire to terminate the proceedings. Her answers to questions during the poly-

graph test indicated deception, and on several occasions she changed her account of the events in question.

She agreed to take two further polygraph tests and finally agreed to give a recorded statement to police after signing a waiver.

The evidence does not support appellant's claim that her statements were involuntary, and the trial court did not err in refusing to suppress the statements. Appellant was not under arrest, she voluntarily went to police headquarters; she was not a suspect, and the investigation had not focused upon her. Her inconsistent statements aroused suspicion of her complicity, but prior to those inconsistent statements appellant had been given *Miranda* warnings. She did not request an attorney and did not seek to terminate the interrogation. We hold there was no error in the admission of her statements into evidence.

■ The appellant was charged with and convicted of complicity. The weapon which killed her husband was apparently fired by another person. The trial court denied probation and indicated it felt compelled to do so by reason of K.R.S. 533.060(1) which provides that a person shall not be eligible for probation when he has been convicted of a Class A, B, or C felony, and the commission of the offense involved the use of a weapon readily capable of producing death or serious physical injury.

Appellant contends the statute is ambiguous and should be construed to prohibit probation only when the defendant actually used the weapon and should not prohibit probation in cases in which the commission of the offense involved the use of a weapon by someone other than the defendant seeking probation.

In *Haymon v. Commonwealth*, Ky., 657 S.W.2d 239 (1983) we held the phrase "use of a weapon" was ambiguous as far as the type of use contemplated by the statute. Thus, where the type of use might reasonably refer either to the use of a weapon in arming one's self, or refer to actual use of a weapon in furtherance of the perpetra-tion of a crime, the defendant was entitled to the benefit of the doubt.

Appellant relies upon *Commonwealth v. Reed,* Ky.App., 680 S.W.2d 134 (1984) in which the Court of Appeals held the statute to be ambiguous as to whether the statute prohibited probation to a person who did not actually use a weapon in the commission of the offense.

We do not see any ambiguity in the statute in this respect. While the statute does pertain to "the use of a weapon" and there is a legitimate question as to the type of use contemplated, it does not concern itself at all with what person actually used the weapon. The statute prohibits probation if the commission of the offense "involved the use of a weapon", and the plain reading of the statute does not indicate any basis for a distinction based upon the identity of the person who uses the weapon. To the extent that *Commonwealth v. Reed, supra,* holds otherwise, it is overruled.

Cases cited by appellant from other jurisdictions which reach a contrary result are distinguishable because of a difference in the wording of the applicable statute.

The judgment is affirmed.

All concur.