**Frank H. DIXON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1997–CA–001200–MR.

Court of Appeals of Kentucky.

Sept. 11, 1998.

Rehearing Denied Dec. 11, 1998.

Mark Wettle, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Rickie L. Pearson, Assistant Attorney General, Frankfort, for Appellee.

Before COMBS, KNOPF and KNOX, JJ.

KNOX, Judge.

In December 1996, Frank H. Dixon (Dixon) was indicted by a Rowan County grand jury for the offense of operating a motor vehicle while his license had been suspended for driving under the influence (DUI), third offense, in violation of KRS 189A.090.[1] The

---

1. Dixon was also indicted for the misdemeanor offense of carrying a concealed deadly weapon.

indictment charged Dixon with having committed that offense on November 18, 1996. The record reflects that in 1994, as a result of a second DUI conviction within five (5) years, Dixon's driver's license was suspended pursuant to KRS 189A.070(1)(b) for a period of twelve (12) months, until October 31, 1995.

Dixon moved to dismiss the indictment, arguing that, since his period of suspension ended on October 31, 1995, he could not be convicted of violating KRS 189A.090. The Rowan Circuit Court overruled Dixon's motion to dismiss. Dixon thereupon entered a conditional plea of guilty pursuant to RCr 8.09, reserving his right to appeal the issue raised by him in his motion to dismiss. Upon Dixon's conditional plea of guilty, the trial court sentenced him to two (2) years.

KRS 189A.090 reads in part as follows:

(1) No person shall operate a motor vehicle while his license is revoked or suspended for violation of KRS 189A.010,[2] nor shall any person who has no motor vehicle or motorcycle operator's license operate a motor vehicle while his privilege to operate a motor vehicle has been revoked or suspended for a violation of KRS 189A.010.

(2) Any person who violates subsection (1) of this section shall:

(a) For a first offense, be guilty of a Class B misdemeanor;

(b) For a second offense, be guilty of a Class A misdemeanor;

(c) For a third or subsequent offense, be guilty of a Class D felony.

As noted above, Dixon's driver's license had been suspended in 1994, pursuant to KRS 189A.070, for a period of twelve (12) months until October 31, 1995. KRS 189A.070 provides, in relevant part:

(1) [I]n addition to the penalties specified in KRS 189A.010, a person convicted of violation of KRS 189A.010(1)(a), (b), (c), or (d) shall have his license to operate a motor vehicle or motorcycle revoked by the court as follows:

(a) For the first offense within a five (5) year period, ninety days;

(b) For the second offense within a five (5) year period, twelve (12) months;

(c) For a third offense within a five (5) year period, twenty-four (24) months; and

(d) For a fourth or subsequent offense within a five (5) year period, sixty (60) months.

. . . .

(3) In addition to the period of license revocation set forth in subsection (1) of this section, no person shall be eligible for reinstatement of his privilege to operate a motor vehicle until he has completed the alcohol or substance abuse education or treatment program ordered pursuant to KRS 189A.040.

Dixon concedes he did not enroll in an alcohol abuse education program as required by KRS 189A.070(3), so that, on November 18, 1996, the date of his arrest in this case, he was not yet eligible for reinstatement of his driver's license. However, he maintains, at the time of his arrest, his license was no longer "suspended," as that term is used in KRS 189A.090, as the period of suspension had expired on October 31, 1995. Thus, he argues, since he was eligible at the time of his arrest to obtain his license by attending an alcohol abuse treatment program, he should have been charged under KRS 186.620(2)[3], rather than under KRS 189A.090.

■ First, the Commonwealth responds by arguing that, since RCr 5.10 and RCr 8.09 do not permit dismissal of indictments or conditional pleas based upon challenges to

However, that charge is not in issue here.

2. KRS 189A.010 is Kentucky's DUI statute.

3. KRS 186.620(2) provides:
No person who has not applied for an operator's license or whose operator's license has been denied, canceled, suspended or revoked, or whose privilege to operate a motor vehicle has been withdrawn, shall operate any motor vehicle upon the highways while the license is denied, canceled, suspended, or revoked or his privilege to operate a motor vehicle is withdrawn, or the license has not been applied for.
KRS 186.990(3) provides that one who violates KRS 186.620(2) shall be found guilty of a Class B misdemeanor.

the sufficiency of evidence, and since Dixon, in this matter, is challenging the sufficiency of the Commonwealth's evidence, Dixon cannot properly take this appeal under RCr 8.09. We believe that the Commonwealth's argument is without merit. RCr 8.09 permits a defendant the right, upon pleading guilty to an offense, to seek "review of the adverse determination of any specified trial or pretrial motion." The issue raised by Dixon in his motion to dismiss before the trial court, and by way of this appeal, does not relate to the sufficiency of the Commonwealth's evidence. Rather, conceding the facts, Dixon raises as an issue whether those facts, as a matter of law, justify a prosecution for a violation of KRS 189A.090.

■ Next, the Commonwealth argues that even though, at the time of his arrest on November 18, 1996, Dixon could become eligible for reinstatement by complying with KRS 189.070(3), his license nevertheless remained suspended for violation of KRS 189A.010, and he could therefore be prosecuted under KRS 189A.090.

However, we disagree. KRS 189A.070 provides for a specific license suspension period depending upon the number of violations of KRS 189A.010. Once the suspension period has expired, one whose license has been suspended can reapply for his driving privileges once he has complied with KRS 189A.070(3), by completing an alcohol abuse education program. In other words, during his period of suspension, one whose license has been revoked may not, under any circumstances, be reinstated, whereas after the expiration of the suspension period, one becomes conditionally eligible for reinstatement once he complies with KRS 189A.070(3). It is true that Dixon's license was suspended for a second DUI in violation of KRS 189A.010. However, after the twelve-month period of suspension had expired, Dixon's failure to attend the alcohol abuse education program then became the reason that his license remained suspended. Under that circumstance, we do not believe that Dixon can be prosecuted under KRS 189A.090, when KRS 186.620(2) provides for an alternate penalty for operating a motor vehicle on a suspended license.

Because we believe the language in KRS 189A.070 creates a period of suspension which bars reinstatement, which can be followed by a period of suspension during which one can become eligible for reinstatement, we believe that the rule of lenity followed by our highest Court should apply. The criminal sanctions provided for violations of KRS 186.620(2) should apply to Dixon, rather than the criminal sanctions in KRS 189A.090. *See Roney v. Commonwealth,* Ky., 695 S.W.2d 863 (1985); *Haymon v. Commonwealth,* Ky., 657 S.W.2d 239 (1983).

For the foregoing reasons, we reverse the Rowan Circuit Court's judgment of conviction.

All concur.