Glen F. HUBBARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–CA–000284–MR.

Court of Appeals of Kentucky.

Sept. 10, 2004.

Richard Hoffman, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

---

Before BUCKINGHAM, DYCHE, and SCHRODER, Judges.

## OPINION

BUCKINGHAM, Judge.

Glen F. Hubbard appeals from the portion of a final judgment of the Campbell Circuit Court convicting him of operating a motor vehicle on a DUI-suspended license, second offense, while under the influence of intoxicants, in violation of KRS[1] 189A.090(2)(b). We reverse and remand.

Hubbard was arrested on June 14, 2002. As a result of the incident on that date, he was indicted on three counts by a Campbell County grand jury. Count I charged Hubbard with operating a motor vehicle on a DUI-suspended license, second offense, while under the influence of intoxicants, in violation of KRS 189A.090(2)(b). Count II charged Hubbard with driving under the influence (DUI), third offense, in violation of KRS 189A.010(5)(c). Count III charged Hubbard with being a persistent felony offender in the first degree (PFO I) in violation of KRS 532.080(3).

Prior to Hubbard entering his guilty pleas, the Commonwealth agreed to amend the PFO I charge to persistent felony offender in the second degree (PFO II). Hubbard then pled guilty to DUI, third offense, and to operating a motor vehicle on a DUI-suspended license, second offense, while under the influence of intoxicants. His guilty plea to the latter charge was pursuant to a conditional guilty plea entered in accordance with RCr[2] 8.09. He also entered a conditional guilty plea to PFO II.

In accordance with the plea agreement, Hubbard was sentenced to five years in prison on the charge of driving on a DUI-suspended license, second offense, while under the influence of intoxicants, enhanced to eight years in prison due to his PFO II status. He was sentenced to twelve months in the county jail and fined $500 on the charge of DUI, third offense. That sentence ran concurrently with the eight-year sentence as a matter of law. *See* KRS 532.110(1)(a). Hubbard's appeal followed.

In order to understand Hubbard's arguments in this appeal, it is necessary to review his prior offenses and the applicable statutes. On December 20, 1994, Hubbard was convicted of driving on a DUI-suspended license in Harlan County, and his license was revoked until December 20, 2004.[3] On October 19, 1999, Hubbard was convicted of DUI, first offense, in the Campbell District Court, and his license was suspended until December 28, 1999. On November 17, 2000, Hubbard was convicted of DUI, second offense, in the Madison District Court, and his license was revoked or suspended for twelve months. On the same day, Hubbard was convicted of driving on a DUI-suspended license while under the influence of intoxicants, and his license was revoked or suspended for an additional twelve months. These offenses occurred on June 14, 2002.

The DUI statute is set forth in KRS 189A.010. KRS 189A.070 provides for license revocations for persons convicted of DUI under KRS 189A.010. When Hubbard was convicted of DUI, second offense, on November 17, 2000, his license was revoked for twelve months pursuant to KRS 189A.070(1)(b).

KRS 189A.090(1) sets forth the offense of operating a motor vehicle on a license

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Criminal Procedure.

3. The record does not show why Hubbard's license was revoked for ten years at that time.

suspended or revoked due to DUI. The statute provides that a person convicted of a first offense under the statute is guilty of a Class B misdemeanor and his license is revoked for six months, unless he was also violating the DUI statute (KRS 189A.010) at the time, in which case he is guilty of a Class A misdemeanor and his license is revoked for one year. *See* KRS 189A.090(2)(a). When Hubbard was convicted of operating a motor vehicle on a DUI-suspended license on November 17, 2000, his license was revoked for one year pursuant to that statute.

If a person is convicted of a second offense of operating a motor vehicle on a DUI-suspended license, he is guilty of a Class A misdemeanor and his license is revoked for one year, unless he was also violating the DUI statute at the time, in which case he is guilty of a Class D felony and his license is revoked for two years. KRS 189A.090(2)(b). Claiming that the June 14, 2002, incident was Hubbard's second offense and that he was DUI when he committed it, the Commonwealth prosecuted the present offense as a Class D felony. It is the prosecution for this offense that Hubbard challenges.[4]

Hubbard admits that his license was suspended or revoked on June 14, 2002, the date of the incident that gave rise to the charges against him herein. However, he argues that his license was not revoked or suspended under KRS 189A.070 at that time for violation of the DUI law (KRS 189A.010). Rather, Hubbard asserts that the revocation for the prior DUI offense had expired and that his license was revoked at the time of this incident only for his violation of KRS 189A.090.

At the hearing before the circuit court on Hubbard's motion to dismiss this charge, the sole witness was Win Gover,

an employee of the Transportation Cabinet, Division of Driver's Licensing. Gover testified that he was a hearing officer and also a record custodian. He testified that the revocation or suspension of Hubbard's license for the earlier DUI and driving on a DUI-suspended license were separate suspensions which ran consecutively with each other. Significantly, he testified that "[t]he driving while suspended is always put on the back end of the reason why they were suspended[.]" As it relates to Hubbard's case, Gover testified that "the suspension was put on to the back end of the DUI" and that the suspension for the prior DUI had expired on November 17, 2001, which was before the date of this incident. Based on this testimony, we conclude that the circuit court erred in determining that Hubbard's license was revoked or suspended for DUI at the time of his arrest.

The only Kentucky case with any significance to this issue is *Dixon v. Commonwealth*, Ky.App., 982 S.W.2d 222 (1998). In that case the defendant was charged with driving on a DUI-suspended license in violation of KRS 189A.090. The facts indicated that the defendant had previously had his license revoked or suspended due to DUI, but his revocation period had expired and he was eligible to get his license back. However, the defendant had not enrolled in an alcohol abuse education program as required by KRS 189A.070(3). Therefore, his license had not been reinstated. In reversing the circuit court's judgment of conviction, a panel of this court concluded that the defendant could not be prosecuted under KRS 189A.090 because the revocation or suspension period for the prior DUI offense had expired. *Id.* at 224.

---

4. Hubbard challenged this prosecution with a motion to dismiss to the trial court. The motion was denied. Hubbard thereafter entered a conditional guilty plea to the charge.

The Commonwealth argues that the *Dixon* case was overruled by the 2000 amendments to KRS 189A.090. It also contends that Hubbard's license was revoked for violation of KRS 189A.070 at the time of this incident. We find neither argument to be persuasive. KRS 189A.070 relates to the revocation or suspension of license due to violation of the DUI statute. According to the undisputed testimony of the Transportation Cabinet employee, Hubbard's license was no longer revoked or suspended for DUI at the time of this incident. Rather, he was revoked or suspended only under KRS 189A.090.

Therefore, we reverse the portion of the judgment of the Campbell Circuit Court which convicts Hubbard of operating a motor vehicle on a DUI-suspended license, second offense, while under the influence of intoxicants, and remand this case for the entry of an order dismissing that charge.

ALL CONCUR.