**JEFFERSON COUNTY DEPARTMENT FOR HUMAN SERVICES, Appellant,**

v.

**John K. CARTER, Judge, Appellee.**

**No. 89–SC–392–DG.**

Supreme Court of Kentucky.

Sept. 6, 1990.

Susan P. Spickard, Asst. Jefferson County Atty., Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., V. Lynne Schroering, Asst. Atty. Gen., Civ. Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which permitted a district judge of juvenile session to sentence an 18–year–old to 30 days in a juvenile facility.

The critical issue concerns the dispositional alternatives available to a district

judge when the offender is no longer a juvenile at the time of sentencing.

District Judge John K. Carter sentenced Anthony Allen to 30 days in the Jefferson County Youth Center for a car theft committed prior to Allen's 18th birthday. Allen had turned 18 before he was apprehended and was over the age of 18 at the time a formal complaint was initiated. He was also charged in Jefferson Circuit Court with the theft of another automobile which occurred after his 18th birthday. Allen pled guilty in circuit court to the second car theft and received a probated 12 month sentence. As to the first car theft, no motion was made to proceed against him as a "youthful offender," and he was kept before the juvenile session of the district court pursuant to K.R.S. 610.010(1). Allen was sentenced to serve 30 days in the Jefferson County Youth Center for the auto theft committed when he was under the age of 18. Judge Carter credited Allen's 30-day confinement with 11 days he had already served in the county jail awaiting the adult charge, thereby making the actual sentence of confinement in the secured juvenile detention facility 19 days. The pertinent part of 610.010(1) vests the district court with jurisdiction over "any person who at the time of committing a public offense was under the age of 18 years." The juvenile code does not address the dispositional alternatives available to the juvenile judge when the "person" is no longer a child.

The Department of Human Services (DHS) moved the juvenile court to reconsider its motion which was denied. DHS then sought a writ of prohibition in circuit court seeking to prohibit the juvenile court order mandating the confinement of an adult in the county's secure juvenile facility. This was also denied. The Court of Appeals affirmed the circuit court and held that the juvenile session of district court had the discretion to house adults who are properly before it in either a juvenile facility or an adult jail. This Court granted discretionary review.

The precise issue is whether the juvenile court has the authority to order confinement of an adult in a secure juvenile facility. We hold that the juvenile court does not have such authority.

K.R.S. 635.060 provides four alternative sentencing dispositions: 1) restitution or reparation; 2) probation or home supervision; 3) commitment to the custody of CHR or another suitable entity or person; and 4) confinement. Subsections (2) and (3) expressly envision situations beyond the 18th birthday. Subsection (4), under which Judge Carter proceeded, provides that the court may "if the child is 16 years of age or older, order the child to be confined in an approved secure juvenile detention facility or juvenile holding facility in accordance with K.R.S. 15A.200 for a period of time not to exceed 30 days." K.R.S. 15A.200 and K.R.S. 600.020(43), both define a "secured juvenile detention facility" as any facility used for the secure detention of children other than a jail, police station, lockup, intermittent holding facility or any other building which is part of or attached to any facility in which adult prisoners are confined or which share staff with a facility in which adult prisoners are confined." Jefferson County Youth Center is such a secured juvenile detention facility.

The juvenile judge and the circuit judge found that the language "unless otherwise provided" contained in the definition of "child," K.R.S. 600.020(5), allowed an adult who is properly before the juvenile court to be considered as a "child" for the purposes of K.R.S. 635.060(4). Consequently, the district and circuit court interpreted the definition of child to include all individuals who properly are before the juvenile court regardless of age. We do not agree. The Unified Juvenile Code distinguishes between a child and a person who is before the juvenile court for committing a public offense prior to age 18.

The only options the juvenile court has in disposing of the case of an adult who is properly before the juvenile court are found in §§ (2) and (3) of K.R.S. 635.060. These two subsections contain specific language permitting the juvenile court to continue past the age of 18 the probation, supervision or commitment to CHR of a

"person" who is placed on probation or supervision or is committed to CHR after reaching the age of 17 years 6 months. Such language is not contained in § (4) under which an adult was confined in a secured juvenile facility. The current legislation limits the juvenile court to only two options when disposing of a case involving an individual who is beyond 18 years of age. K.R.S. 635.060(2), (3).

Moreover, the legislature has expressed a clear policy requiring the separation of juveniles and adults in secure confinement. K.R.S. 67.0831 requires fiscal courts to maintain suitable facilities in which to hold juveniles pending disposition of their cases. K.R.S. 610.010(1)(a) also mandates that any child sentenced to a term of confinement on a moving motor vehicle offense shall be sentenced to a secured juvenile facility rather than a jail. K.R.S. 640.020 directs that a youthful offender who has not met bond or other pretrial release be housed according to his age, that is, if the youthful offender is under 18, he is to be housed in a secured juvenile detention facility. If over 18, he shall be lodged as an adult. These statutes clearly establish a statutory system providing that secure confinement facilities for juveniles are separate and apart from adult facilities.

The district court acting in its juvenile session is limited to the powers provided to it by the legislature. K.R.S. 610.010. The legislature did not grant the juvenile court the dispositional options of placing an individual beyond the age of 18 in a secure juvenile facility. Only a child 16 years of age but not over 18 may be confined in a secured juvenile detention facility as the disposition of his case.

Traditionally, juvenile matters have been treated differently than adult offenses. The state is considered to be acting as *parens patriae* rather than as a prosecuting authority. It has been a principle theory of juvenile law that an individual should not be stigmatized with a criminal record for acts committed during minority. By providing young people with treatment oriented facilities rather than simple punishment, antisocial behavior can be modified and the offenders will develop as law abiding citizens. However, such treatment does limit the constitutional rights that are traditionally provided for adult offenders. Juvenile offenders are not afforded all the constitutional rights that adult offenders receive. They are afforded only the right to fair treatment. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Schall v. Martin,* 467 U.S. 253, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984). The Kentucky juvenile justice system reflects this philosophy. Under the system, one of the rights of the child involved in the system is not to be held in an adult jail. *Baker v. Hamilton,* 345 F.Supp. 345 (W.D.Ky.1972).

K.R.S. Chapter 640 defines youthful offenders as those juveniles who are transferred to circuit court for further proceedings after a preliminary hearing in juvenile court to determine if the individual meets the standards of K.R.S. 635.020 and K.R.S. 640.010(2)(b). If the juvenile court finds that an individual should be proceeded against as a "youthful offender" the case is transferred to circuit court where all of the constitutional rights guaranteed to adults come into play. Clearly the Uniform Juvenile Code provides a new classification, that of youthful offender, who although chronologically a child, is treated as an adult. The definition of "child" provided in the code permits those under 18 to be treated as children or to be designated as youthful offenders. Pursuant to such a statutory system, the prosecution has the obligation to proceed in whatever manner is appropriate in this type of situation.

It is the holding of this Court that the legislature did not intend to bestow on the juvenile session of a district court the authority to confine an adult in a juvenile detention facility.

The decision of the Court of Appeals is reversed.

All concur.