COMMONWEALTH of Kentucky,
Appellant,

v.

W.E.B., Appellee.

No. 97–SC–1094–CL.

Supreme Court of Kentucky.

Dec. 17, 1998.

As Amended Dec. 17, 1998.

Jeffrey L. Schumacher, Assistant Mason County Attorney, Maysville, for Appellant.

Ronald Lee Rigg, Jeffrey N. Lovely, Rigg & Jackson–Rigg, P.S.C., Maysville, for Appellee.

## CERTIFICATION OF THE LAW

STEPHENS, Justice.

The Commonwealth asks whether, under KRS 635.060(5), a juvenile public offender may be committed to a secure juvenile detention facility for more than 90 days if the offender is charged with multiple incidents of criminal behavior. We find that he may not, since KRS 635.060(5) limits public offender detention commitments to 90 days per dispositional hearing, regardless of the number of separate offenses charged.

The underlying case arose when W.E.B., a 17–year–old public offender, pled guilty to three counts of second-degree unlawful transaction with a minor and one count of unauthorized use of a motor vehicle. Under the plea agreement, he received four 90–day detention commitments. At W.E.B.'s dispositional hearing, the Mason District Court ordered each detention commitment to be served consecutively, thus ordering W.E.B. be detained for 360 days.

Subsequently, W.E.B. filed a motion to set aside his detention commitment, arguing that KRS 635.060(5) does not permit public offenders to be committed to a secure juvenile detention facility for more than 90 days. The Mason District Court reviewed its decision, determined that it had misinterpreted KRS 635.060(5) and thereafter ordered W.E.B.'s detention sentences to run concurrently, not consecutively. The Commonwealth then requested a certification of law regarding KRS 635.060(5).

Under the Kentucky Unified Juvenile Code, one of the purposes of detaining youth is rehabilitation, not purely punishment, as is the case in the adult corrections system. KRS 600.010(2)(d). Thus, the Code provides a range of methods to try children who commit offenses, depending upon the child's age, the seriousness of the offense, and whether

the child has committed any prior offenses. KRS 635.020. A child may be tried either as a public offender or a youthful offender (that is, as an adult), depending on the circumstances of the offense committed. *Id.*

If a child is tried as a public offender, the Code sets forth a variety of dispositional options, which a district court may order in *any combination* it deems proper. KRS 635.060(6). For example, the court may order a child to pay restitution; it may place the child on probation, home incarceration or other supervision; it may commit the child to the custody of the Department of Juvenile Justice, a private agency or a person; or the court may commit a child to a juvenile detention facility. Therefore, the Unified Juvenile Code specifically contemplates that the consequences of committing an offense will be greater for youthful offenders than for public offenders, and provides a range of dispositional options for public offenders, depending upon the circumstances of the offense. *See* KRS 635.060, 640.010(2)(b–c).

▮ In 1996, the General Assembly amended KRS 635.060 to increase the time from 30 to 90 days to which juvenile courts could commit youths 16 years or older to a secure juvenile detention or juvenile holding facility:

> If in its decree, the juvenile court finds that the child comes within the purview of [the public offender section of the Unified Juvenile Code], the court, *at the dispositional hearing* may:
>
> * * *
>
> Effective July 1, 1997, if the child is sixteen (16) years of age or older, order that the child be confined in approved secure juvenile detention facility or juvenile holding facility in accordance with KRS 15A.200 for a period of time not to exceed ninety (90) days; ...

1996 *Ky. Acts.* ch. 358, s. 41, codified at KRS 635.060(5) (emphasis added). *See also* former KRS 635.060(4) (1990). Thus, by the clear language of the statute, the General Assembly both increased and limited the dispositional option of confinement in a secure juvenile detention facility or juvenile holding facility to a period of up to 90 days. "Where the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written." *Lincoln County Fiscal Court v. Department of Public Advocacy,* Ky., 794 S.W.2d 162, 163 (1990).

The Commonwealth argues that this reading of KRS 635.060(5) will bring about an absurd result because a child charged with one count of misdemeanor assault, for example, and a child charged with five counts of misdemeanor assault each could only be committed to detention for 90 days. But this analysis does not apply to the juvenile justice system. "Traditionally, juvenile matters have been treated differently than adult offenses. The state is considered to be acting as *parens patrige* rather than as a prosecuting authority." *Jefferson County Dept. for Human Services v. Carter,* Ky., 795 S.W.2d 59, 61 (1990). "Under the Unified Juvenile Code there are no distinctions made between felonies, misdemeanors, or violations for the purposes of providing options to the court for disposition." *A.E. v. Commonwealth,* Ky. App., 860 S.W.2d 790, 793 (1993).

▮ Further, the public offender dispositional provisions are intentionally more lenient than the youthful offender provisions. *See Canter v. Commonwealth,* Ky., 843 S.W.2d 330, 331 (1992). In the underlying case, W.E.B.'s offenses did not fall into any of the statutory categories that would have permitted the Commonwealth to seek a penalty of greater than 90 days. Each of the charges against W.E.B. was a Class A misdemeanor. He had committed no prior felonies that would have permitted the Commonwealth to proceed against him as a youthful offender. While the Commonwealth could have sought a combination of dispositional options that would have given W.E.B. a more severe penalty, it chose not to do so. It may not, by plea agreement, now do what is forbidden by statute: commit a public offender to more than 90 days at a secure juvenile detention facility. *Cf. Jefferson County Dept. for Human Services v. Carter,* Ky., 795 S.W.2d 59, 61 (1990) (holding that a district court's dispositional options are limited to those provided by statute). Therefore, we

find that KRS 635.060(5) does not permit stacking of dispositional commitments to result in a detention commitment greater than 90 days.

All concur.