111 S.W.3d 392 (2002)
D.R.T., a Child, Appellant,
v.
COMMONWEALTH of Kentucky, Appellee.
M.R., a Juvenile, Appellant,
v.
Commonwealth of Kentucky, Appellee.
Nos. 2001-CA-000127-DG, 2001-CA-000145-DG.
Court of Appeals of Kentucky.
September 27, 2002.
Discretionary Review Denied August 13, 2003.
Suzanne A. Hopf, Assistant Public Advocate, Frankfort, KY, for D.R.T., a Child and M.R., a Juvenile.
A.B. Chandler III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for Commonwealth of Kentucky in Appeal No. 2001-CA-000127-DG.
A.B. Chandler III, Attorney General, Gregory C. Fuchs, Assistant Attorney *393 General, Frankfort, KY, for Commonwealth of Kentucky in Appeal No. 2001-CA-000145-DG.
Before BARBER, GUDGEL, and KNOPF, Judges.

OPINION
GUDGEL, Judge.
These cases are before us on discretionary review from orders entered by the Taylor and Marion Circuit Courts. In each case, the circuit court affirmed the juvenile court's order directing that a person who turned eighteen years of age after having committed a public offense could subsequently, during a juvenile dispositional hearing, be sentenced to serve time in an adult detention facility. For the reasons stated hereafter, we are constrained to reverse and remand for resentencing.
In Appeal No. 2001-CA-0000127-DG, eleven days before his eighteenth birthday D.R.T. pled guilty to a public offense during the juvenile session of the Taylor District Court. A dispositional hearing was conducted after his eighteenth birthday, and D.R.T. was ordered to serve ninety days in an adult detention facility. The court ordered all but five days of that sentence to be probated for twenty-four months, and the court also imposed certain terms of probation. D.R.T. subsequently was ordered to serve several additional days in an adult detention facility due to the violation of his probation. The circuit court affirmed the district court's orders, and this court granted discretionary review.
In Appeal No. 2001-CA-000145-DG, a juvenile public offense charge was filed against M.R. in the Marion District Court. At the subsequent dispositional hearing which was conducted two days after he turned eighteen, M.R. was ordered to serve sixty days in detention, with twenty days to be served in an adult detention facility and the remaining days to be probated for a period of twenty-four months. Once again, the circuit court affirmed the juvenile court's orders, and we granted discretionary review.
D.R.T. and M.R. both contend on appeal that the juvenile court lacked authority to order their confinement in adult detention facilities, as they turned eighteen years of age between the dates they committed public offenses and the dates upon which the juvenile courts conducted dispositional hearings. We agree.
KRS 635.060 sets out the options available to a juvenile court at a dispositional hearing regarding a public offense, including (1) restitution or reparation, (2) probation, home incarceration, or supervision, (3) commitment to the custody or guardianship of the Department of Juvenile Justice or another suitable child-caring facility or person, and (4) confinement in an approved juvenile detention program or facility. A juvenile court may order any combination of such dispositions. KRS 635.060(6).
In Jefferson County Department for Human Services v. Carter, Ky., 795 S.W.2d 59 (1990), the supreme court carefully considered the application of KRS 635.060 to a situation where a juvenile court judge ordered an eighteen-year-old person to be detained in a secure juvenile facility for a public offense committed before he turned eighteen. In finding that a person over the age of eighteen may not be confined in a juvenile detention facility, the court stated:
The Unified Juvenile Code distinguishes between a child and a person who is before the juvenile court for committing a public offense prior to age 18.
The only options the juvenile court has in disposing of the case of an adult *394 who is properly before the juvenile court are found in §§ (2) and (3) of K.R.S. 635.060. These two subsections contain specific language permitting the juvenile court to continue past the age of 18 the probation, supervision or commitment to CHR of a "person" who is placed on probation or supervision or is committed to CHR after reaching the age of 17 years 6 months. Such language is not contained in § (4) under which an adult was confined in a secured juvenile facility. The current legislation limits the juvenile court to only two options when disposing of a case involving an individual who is beyond 18 years of age. K.R.S. 635.060(2), (3).
... K.R.S. 640.020 directs that a youthful offender who has not met bond or other pretrial release be housed according to his age, that is, if the youthful offender is under 18, he is to be housed in a secured juvenile detention facility. If over 18, he shall be lodged as an adult. These statutes clearly establish a statutory system providing that secure confinement facilities for juveniles are separate and apart from adult facilities.
The district court acting in its juvenile session is limited to the powers provided to it by the legislature. K.R.S. 610.010. The legislature did not grant the juvenile court the dispositional options of placing an individual beyond the age of 18 in a secure juvenile facility. Only a child 16 years of age but not over 18 may be confined in a secured juvenile detention facility as the disposition of his case.
Traditionally, juvenile matters have been treated differently than adult offenses. The state is considered to be acting as parens patriae rather than as a prosecuting authority. It has been a principle theory of juvenile law that an individual should not be stigmatized with a criminal record for acts committed during minority. By providing young people with treatment oriented facilities rather than simple punishment, antisocial behavior can be modified and the offenders will develop as law abiding citizens. However, such treatment does limit the constitutional rights that are traditionally provided for adult offenders. Juvenile offenders are not afforded all the constitutional rights that adult offenders receive. They are afforded only the right to fair treatment. The Kentucky juvenile justice system reflects this philosophy. Under the system, one of the rights of the child involved in the system is not to be held in an adult jail.
K.R.S. Chapter 640 defines youthful offenders as those juveniles who are transferred to circuit court for further proceedings after a preliminary hearing in juvenile court to determine if the individual meets the standards of K.R.S. 635.020 and K.R.S. 640.010(2)(b). If the juvenile court finds that an individual should be proceeded against as a "youthful offender" the case is transferred to circuit court where all of the constitutional rights guaranteed to adults come into play. (Citations omitted.)
795 S.W.2d at 60-61.
More recently, in Commonwealth v. W.E.B., Ky., 985 S.W.2d 344 (1998), the supreme court had occasion to examine the detention of a seventeen-year-old public offender who pled guilty to four offenses. The Commonwealth requested a certification of the law after the juvenile court amended its original disposition to order that the child's four ninety-day periods of detention should run concurrently, rather than consecutively as was originally ordered. In resolving the dispute, the supreme court reiterated that authorized dispositions of public offenses adjudicated in *395 district court are limited to combinations of the options set forth in KRS 635.060, and that "the Unified Juvenile Code specifically contemplates that the consequences of committing an offense will be greater for youthful offenders than for public offenders...." 985 S.W.2d at 345.
Here, it is undisputed that the juvenile court judge who presided over the two cases before us correctly determined that neither D.R.T. nor M.R. could be ordered confined in a juvenile detention facility as a punishment since they were both over eighteen years of age at the time of their dispositional hearings. See Carter, 795 S.W.2d 59. However, the juvenile court then improperly ignored the statements in Carter, 795 S.W.2d at 60, that subsections (2) and (3) of KRS 635.060 "expressly envision situations beyond the 18th birthday" by specifically using the word "person" in place of the word "child," while the detention provisions set out in subsections (4) and (5) specifically apply to a "child" of a particular age. In other words, at the time of disposition the juvenile court was limited to the two options listed in KRS 635.060 for a "person" other than a "child." See Carter, 795 S.W.2d at 61. Given the statements in Carter, it is clear that the only two authorized dispositions for D.R.T. and M.R. were either placement "on probation, home incarceration, or supervision" for a period not to exceed one year, see KRS 635.060(2), or commitment or placement pursuant to KRS 635.060(3) for "an indeterminate period not to exceed one (1) year." Sentencing them to adult detention facilities was not within the parameters of either of these authorized dispositions. It follows, therefore, that the court was without authority to order D.R.T. and M.R. confined in adult detention facilities for public offenses which they committed before they reached the age of eighteen. Hence, the court's dispositional orders in both cases must be reversed and remanded with directions to resentence D.R.T. and M.R. consistent with the dictates of KRS 635.060(2) and (3).
In light of our conclusions to this point in the opinion, we need not address the remaining contentions raised by the parties on appeal.
For the reasons stated, the circuit court's orders affirming the district courts are reversed and remanded with directions to remand these cases to the district courts with directions to resentence D.R.T. and M.R. consistent with the dictates of KRS 635.060(2) and (3).
ALL CONCUR.