**COMMONWEALTH of Kentucky, Appellant,**

v.

**S.K.; M.M.F.; and B.D.T., Appellees.**

No. 2006–SC–000449–DG.

Supreme Court of Kentucky.

Jan. 24, 2008.

Rehearing Denied June 19, 2008.

Jack Conway, Attorney General of Kentucky, Daniel M. Burlew II, Special Assistant Attorney General, Owensboro, KY, Counsel for Appellant.

Timothy G. Arnold, Assistant Pubic Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellees.

Opinion of the court by Justice SCHRODER.

The issue in this case is whether a juvenile court retains jurisdiction over an adult to enforce a restitution order entered by the juvenile court after that person turned eighteen. We opine that KRS

600.060 authorizes the use of contempt powers to enforce such restitution orders. Therefore, we reverse the Court of Appeals decision and remand back to the juvenile court for proceedings consistent with this opinion.

This appeal involves three consolidated cases from the Daviess District Court (juvenile session). S.K., B.D.T., and M.M.F., were each determined to have committed a public offense that caused substantial property damage or medical expenses in excess of one thousand dollars. The relevant facts for our issue include the following.

S.K. was seventeen when charged with public offenses on October 12, 2000. He turned eighteen on November 23, 2000, and was adjudicated guilty on February 5, 2001, with an order of restitution in the amount of $1,531.30. On January 8, 2004, the Commonwealth filed a motion to hold S.K. in contempt for not having made any payments.

B.D.T. was charged on October 4, 1996, with public offenses and pled guilty on September 4, 1997. At his disposition hearing on September 19, 1997, B.D.T. was ordered to pay $100 each month towards restitution, which was later determined to be $1,172.92. B.D.T. reached eighteen on January 24, 2000. On May 6, 2002, B.D.T. signed an agreed order (entered June 7, 2002) to pay $100.00 per month on the $538.92 restitution balance, plus a 10% collection fee for a total balance of $592.81. On August 5, 2002, the Commonwealth filed a motion to hold B.D.T. in contempt for failing to make payments according to the agreed order.

M.M.F. was charged with a public offense on November 8, 2002. He was adjudicated guilty of a lesser offense on January 30, 2003, with an order of restitution in the amount of $1,282.21, at the rate of $166.67 per month. The Commonwealth filed a motion for contempt on March 25, 2003, for failure to make payments. M.M.F. turned eighteen on April 27, 2003, and the warrant was not served until February 11, 2004.

All three cases involve juveniles (persons under eighteen years of age) at the time the public offenses were committed. Two involved adjudications and orders of restitution *before* the accused turned eighteen (B.D.T. and M.M.F.). One (S.K.) involved an adjudication and disposition with an order of restitution *after* the accused turned eighteen years of age. All three involved enforcement of the order of restitution through the court's contempt powers after the public offenders turned eighteen (for failure to make restitution or payments either *before* or *after* the public offender turned eighteen years of age). Not one of the three was proceeded against as a "youthful offender."

The juvenile court ruled that it lost jurisdiction to order or enforce restitution once the public offender turned eighteen years of age. On appeal, the circuit court reversed. The Court of Appeals granted discretionary review and reversed. We granted discretionary review and reverse the Court of Appeals.

Our General Assembly has adopted the "Kentucky Unified Juvenile Code" for dealing with delinquent children. The juvenile code is found in KRS Chapters 600 to 645. KRS 610.010(1) assigns jurisdiction over the person to the juvenile session of the District Court for "any person who *at the time of committing a public offense* was under the age of eighteen (18) years, ...." (emphasis added). *See also Jefferson County Dep't For Human Servs. v. Carter,* 795 S.W.2d 59, 60 (Ky.1990). Although KRS 635.020(7) does permit certain persons charged with public offenses in juvenile court to be proceeded against as

"youthful offenders" and transferred to circuit court (KRS 640.010), all three of the accused public offenders in our case remained before the juvenile session of the district court. A person charged with a public offense in juvenile court is provided a bifurcated hearing, one for adjudication (guilt phase) and one for disposition (sentencing phase). KRS 610.080(1). A person adjudicated guilty of a public offense is scheduled for a disposition (sentencing) hearing under KRS 635.060, which in summary, allows a juvenile public offender to be ordered to:

1. Restitution by either the public offender, his parents, or custodian, etc. (no age limit);

2. Probation or home supervision until eighteen, some cases nineteen;

3. Commitment to the Department of Juvenile Justice, etc. until the age of eighteen, or in some cases, nineteen; and

4. Confinement for different periods not to extend beyond the public offenders eighteenth birthday.

*See also Carter,* 795 S.W.2d at 60.

In determining the disposition (or sentence) of a public offender, the juvenile court shall consider KRS 600.010(2)(e) and (g):

(e) KRS Chapter 635 shall be interpreted to promote the best interests of the child through providing treatment and sanctions to reduce recidivism and assist in making the child a productive citizen by advancing the principles of personal responsibility, accountability, and reformation, while

maintaining public safety, *and seeking restitution* and reparation;

and

(g) It shall further be the policy of this Commonwealth to provide judicial procedures in which rights and interests of all parties, including the parents *and victims* . . . .

(emphasis added).

There is no doubt that under the juvenile code, the juvenile court may enforce its dispositional orders on persons under eighteen through its contempt powers. KRS 610.010(10); KRS 600.060; *A.W. v. Commonwealth,* 163 S.W.3d 4 (Ky. 2005). In cases like S.K.'s, where the public offender turns eighteen *before* disposition, the court's disposition options are limited in that the court can no longer sentence an adult public offender to confinement in a juvenile detention facility. *Carter,* 795 S.W.2d at 61.[1] However, the juvenile court still retains jurisdiction over the person and the offense. There is no prohibition on adjudication, disposition, or even in ordering restitution or reparation in juvenile court on public offenders who have turned eighteen years of age *before* disposition. KRS 600.010(2)(f). Even "youthful offenders" face restitution and reparation. KRS 640.030. Also, "[a] contempt sanction in a contempt hearing for the violation of the court's order is certainly distinguishable from a sentence set at a dispositional hearing for a public offense." *A.W.,* 163 S.W.3d at 7. It stands to logic that if a court can order restitution by either the public offender regardless of age, or his parents, custodian, etc. (KRS 600.010(2)(e), (g)), the juvenile court can still use its contempt powers on a public offender *after* he turns eighteen years of

---

**1.** If prior to the adjudicatory hearing, the Commonwealth had moved under KRS 635.020(7) to proceed against S.K. as a "youthful offender" instead of a public offend-

er, the Commonwealth could have still sought confinement. However, that confinement would have been by the circuit court in an adult facility. *See* KRS 640.030.

age to enforce said order. Indeed, KRS 600.060 specifically recognizes that the juvenile code does not restrict or diminish the court's inherent contempt powers. *A.W.*, 163 S.W.3d at 6, recognized the use of contempt powers to enforce valid orders of the court. Restitution is an order of the court. *Id.* at 7; KRS 635.060(1). Even if the juvenile code tried to restrict the juvenile court's power to enforce its order through contempt, it would be an unconstitutional attempt to hamper judicial action or interfere with the discharge of judicial functions. *A.W.*, 163 S.W.3d at 7.[2]

■ Accordingly, the juvenile session of the district court retains jurisdiction over a person (accused of committing a public offense before he turned eighteen years of age) after that person turns eighteen in order to conduct adjudication and disposition hearings, and to order *and enforce* orders of restitution. Therefore, the Court of Appeals is reversed and the matter is remanded to the Daviess District Court, Juvenile Session, for further proceedings.

All sitting.

LAMBERT, C.J.; CUNNINGHAM, and SCOTT, JJ., concur. ABRAMSON, J., concurs in part and dissents in part by separate opinion in which MINTON and NOBLE, JJ., join.

Opinion by Justice ABRAMSON, concurring in part and dissenting in part.

I respectfully concur in part and dissent in part. KRS 635.060(1) provides in relevant part:

If in its decree the juvenile court finds that the child comes within the purview of this chapter, the court, at the dispositional hearing, may:

(1) Order the child or his parents, guardian, or person exercising custodial control to make restitution or reparation to any injured person to the extent, in the sum and upon the conditions as the court determines....

"Child" is defined for purposes of this chapter as "any person who has not reached his eighteenth birthday unless otherwise provided." KRS 600.020(8). Thus, the juvenile court may only order the child, his parents or the other named parties to pay restitution. No reference is made to the court's continuing authority to order restitution after the public offender has reached his or her eighteenth birthday. By contrast, other subsections of KRS 635.060 specifically address the issue of the public offender/child having reached his or her eighteenth birthday and those provisions then refer to the public offender as a "person." See KRS 635.060(2) (authorizing placing the "child" or "person" under parental supervision or on probation); KRS 635.060(3) (authorizing commitment of the child or person to the custody of the Department of Juvenile Justice). *See also Jefferson Co. Dept. for Human Services v. Carter*, 795 S.W.2d 59, 60 (1990) ("The only options the juvenile court has in disposing of the case of an adult who is properly before the juvenile court are found in sections (2) and (3) of KRS 635.060.")

2. In the event the juvenile session of the district court does exercise its contempt powers (on a parent or public offender who has turned eighteen years of age) by incarceration, the contempt would be served in the county jail, not a juvenile facility, as the county jail is normally the facility for holding all persons held in contempt by any court of the Court of Justice. However, the juvenile code makes an exception to the general rule for those under eighteen years of age. "Moreover, the legislature has expressed a clear policy requiring separation of juveniles and adults in secure confinement." *Carter*, 795 S.W.2d at 61. And "[t]he legislature did not grant the juvenile court the dispositional options of placing an individual beyond the age of 18 in a secure juvenile facility." *Id.*

Thus, I concur with the majority that if the juvenile court has entered a valid restitution order, it has the continuing jurisdiction to enforce that order through its contempt powers. KRS 600.060 clearly provides "Notwithstanding any other provision of KRS Chapter 600 to 645, the inherent contempt power of the court shall not be diminished." However, if the public offender has reached his eighteenth birthday before the court orders restitution, he is no longer a "child" and, regardless of how we may view this particular public policy choice, the plain language of KRS 635.060(1) precludes restitution as an option. Consequently, any disposition order requiring restitution by a public offender entered *after* that person's eighteenth birthday is not a valid order and the juvenile court may not enforce such order through its contempt powers.

In these cases, B.D.T. and M.M.F. were ordered to pay restitution while each was still a "child." Those orders remain enforceable by the juvenile court through its contempt powers regardless of B.D.T. and M.M.F.'s age. S.K.'s restitution order was not entered until after his eighteenth birthday, a disposition option not authorized by KRS 635.060(2). Because this order was invalid from its inception, the inherent contempt powers of the court reiterated in KRS 600.060 are not available for its enforcement.

MINTON and NOBLE, JJ., join.