*10 O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 34} In this appeal, we confront two issues: (1) whether R.C. 2152.14 violates the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution and (2) whether the juvenile court is divested of jurisdiction to correct a void sentence after the juvenile turns 21 years of age. Although I concur in the majority’s holding that R.C. 2152.14 is constitutional, I respectfully dissent from the determination that the juvenile court lacked authority to correct the sentence to impose postrelease control after J.V. turned 21.
Blended Sentencing
{¶ 35} The General Assembly authorized the imposition of blended sentences in order to give juvenile courts more flexibility in handling violent juvenile offenders. Prior to the enactment of 2000 Am.Sub.S.B. No. 179, 148 Ohio Laws, Part IV, 9447, juvenile courts had the choice of two extremes: the court could treat the child as a juvenile, committing the child to the Department of Youth Services (“DYS”) for a period not to exceed the juvenile’s attainment of 21 years of age, or it could treat the child as an adult and transfer the case to the common pleas court, depriving the child of a chance at rehabilitation and exposing the child to an adult sentence in an adult prison. See former R.C. 2151.26,1996 Am.Sub.H.B. No. 124, 146 Ohio Laws, Part II, 2034, 2054, and former R.C. 2151.355, 2000 Am.Sub.S.B. No. 222,148 Ohio Laws, Part V, 10900.
{¶ 36} Against this backdrop, the General Assembly enacted S.B. 179 and authorized juvenile courts to impose a blended sentence, which is a traditional juvenile disposition coupled with the imposition of a stayed adult sentence. R.C. 2152.13. A blended sentence functions as both a carrot and a stick; the adult sentence remains stayed so long as the juvenile successfully completes the traditional juvenile disposition, and the threat of an adult prison term encourages the juvenile to cooperate in his rehabilitation. R.C. 2152.13(D)(2)(a)(iii); State v. D.H., 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209. At the same time, blended sentencing provides the juvenile court with a means to supervise the rehabilitative process and to ensure that an offender who remains dangerous is not released into society solely by virtue of turning 21.
{¶ 37} J.V. benefited from this flexibility. The state had charged him with attempted murder — in addition to aggravated robbery, felonious assault, and firearm specifications — an allegation that would have resulted in mandatory transfer to the common pleas court for prosecution of J.V. as an adult. R.C. 2152.10. However, the state entered into a plea agreement with J.V. in order “to give this young man one more chance to try to right his ways,” in the words of the assistant prosecutor at the dispositional hearing, in the belief that a blended *11 sentence would encourage rehabilitation. The juvenile court accepted J.V.’s admissions and on June 22, 2005, imposed the jointly recommended blended sentence, committing J.V. to DYS and staying the adult prison term. J.V. avoided prosecution as an adult and gained an opportunity to rehabilitate himself.
{¶ 38} However, J.V. wasted that opportunity. While at DYS, he rose in the ranks of a gang called the Heartless Felons and committed offenses of violence against a juvenile corrections officer and a fellow inmate. Because J.V. failed to reform himself, the juvenile court ordered the adult portion of the sentence into execution on February 5, 2009 — before J.V. turned 21 years old on March 11, 2009. J.V. appealed, and the Eighth District Court of Appeals vacated the sentence based on the juvenile court’s failure to properly impose postrelease control and remanded the matter for resentencing. In re J.V., 8th Dist. No. 92869, 2010-Ohio-71, 2010 WL 118116, ¶ 23-24. On remand, the juvenile court resentenced him and properly imposed postrelease control.
{¶ 39} J.V. again appealed, asserting that the juvenile court lacked jurisdiction to correct his sentence because he had reached the age of 21. The Eighth District rejected this argument and affirmed, holding that “the determination by the juvenile court to invoke the adult portion of the SYO sentence on February 5, 2009, was not impacted by the subsequent decision from this Court to remand the case for a new hearing to properly incorporate postrelease control in J.V.’s dispositional sentence.” In re J.V., 8th Dist. No. 94820, 2010-Ohio-5490, 2010 WL 4529033, ¶ 20.
{¶ 40} Then, following that judgment and before J.V. appealed to this court, we announced State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, where we recognized that “when a judge fails to impose statutorily mandated postrelease control as part of a defendant’s sentence, that part of the sentence is void and must be set aside.” (Emphasis sic.) Id. at ¶ 26. The court further explained, “Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.” Id. at paragraph three of the syllabus. Accordingly, we concluded, “The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.” Id at paragraph four of the syllabus.
{¶ 41} In my view, Fischer applies to this case and supports the appellate court’s resolution of this matter. In this case, the trial court invoked the adult portion of the blended sentence before J.V. reached the age of 21, and the court’s failure to properly impose postrelease control did not affect the lawful part of the sentence imposed on June 22, 2005, which was ordered into execution on February 5, 2009, and included a term of imprisonment. According to our *12 holding in Fischer, this appeal from a resentencing to properly impose post-release control is limited to issues arising at the resentencing hearing, and res judicata precludes any other challenge to the sentence.
{¶ 42} Moreover, the juvenile court had authority to correct the void part of the sentence in order to properly impose postrelease control, even after J.V. reached 21 years of age. As we have consistently recognized, “[a] trial court’s jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so.” (Emphasis added.) State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23, citing State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, and State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23; see also Commonwealth v. S.K., 253 S.W.3d 486, 489 (Ky.2008) (holding that a juvenile court retains jurisdiction to enforce orders of restitution even after the child turns 18 years old).
{¶ 43} Not only did the juvenile court retain jurisdiction to correct the void part of J.V.’s sentence, but also the mandate of the appellate court required it to do so. See State ex rel. Potain v. Mathews, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979) (“The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals”); see also R.C. 2505.39 (“A court that reverses or affirms a final order, judgment, or decree of a lower court upon appeal on questions of law, shall not issue execution, but shall send a special mandate to the lower court for execution or further proceedings”). In my view, then, the juvenile court had inherent authority to correct the adult portion of the blended sentence.
{¶ 44} The effect of today’s decision by the majority is significant in a number of respects. First of all, it will have substantial precedential value in cases where a juvenile appeals a blended sentence and reaches the age of 21 during the pendency of the appeal. Second, in this case, J.V. received credit for the time served in DYS against the adult sentence and therefore has completed serving the term of incarceration; the majority has now removed postrelease-control sanctions on him, denying the state the opportunity to supervise his postrelease conduct, contrary to the intent of the General Assembly.
Conclusion
{¶ 45} The court’s decision today frustrates the intent of the General Assembly in authorizing blended sentences and threatens to deprive other children of a last opportunity for rehabilitation as had been afforded J.V. The practical result is that serious youthful offenders now have an incentive to appeal any blended sentence imposed in the hopes of delaying the appeal long enough to divest the juvenile court of jurisdiction to invoke the adult portion of the blended sentence. As a consequence, a juvenile court choosing between imposing a blended sentence *13 that it may not be able to invoke in a proper case and transferring the case to common pleas court for prosecution of the child as an adult may be more likely to transfer the case and thereby deprive a child of a chance for rehabilitation in the juvenile court.
Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant, J.V.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellee, state of Ohio.
Timothy Young, Ohio Public Defender, and Jill Beeler and Amanda J. Powell, Assistant Public Defenders, urging reversal for amicus curiae Ohio Public Defender.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and David M. Lieberman and Elizabeth A. Matune, Assistant Attorneys General, urging affirmance for amicus curiae Ohio Attorney General.
{¶ 46} Accordingly, because the juvenile court had jurisdiction to invoke the adult portion of the blended sentence in this case, I would affirm the judgment of the court of appeals.
Lundberg Stratton, J., concurs in the foregoing opinion.