Lisa CANTER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Lisa CANTER, Appellant,

v.

William SHADOAN, Judge, Hickman Circuit Court; Tim Langford, Commonwealth's Attorney, First Judicial District, Appellees.

Nos. 92–SC–827–TG, 92–SC–742–MR.

Supreme Court of Kentucky.

Dec. 17, 1992.

Barbara M. Holthaus, Asst. Public Advocate, Dept. of Public Advocate, Frankfort, for appellant.

Chris Gorman, Atty. Gen., Todd G. Ferguson, Asst. Atty. Gen., Criminal Appellate Div. Frankfort, for appellees.

COMBS, Justice.

### I. No. 92–SC–827–TG

The issue presented is the proper disposition of a juvenile who has been charged with a capital offense, transferred to circuit court as a youthful offender, acquitted on the capital charge, and convicted of a Class C felony.

Lisa Canter, born August 29, 1974, was charged with murder in connection with the June, 1991, death of her infant son. Pursuant to KRS 635.020(2)[1], the juvenile court, on August 15, 1991, conducted a preliminary hearing in accordance with KRS 640.-010, as a result of which hearing Canter was ordered transferred to the circuit court as a youthful offender. On August 22, Canter was indicted on one count of murder and one count of criminal abuse in the first degree. With respect to both counts, the grand jury found probable cause to indict Canter as a youthful offender as defined in KRS 635.020(2).

At trial on February 26, 1992, Canter was acquitted on the murder charge, and convicted of criminal abuse in the first de-

---

1. "If a child charged with a capital offense, Class A felony or Class B felony, had attained age fourteen (14) at the time of the alleged commission of the offense, the court shall, upon motion of the county attorney made prior to adjudication that the child be proceeded against as a youthful offender, proceed in accordance with the provisions of KRS 640.010."

gree, a Class C felony. On March 12, at which time Canter's age was seventeen years and six months, and apparently upon an agreement between the Commonwealth and the defense, the trial court sentenced Canter, pursuant to KRS 640.030 [2], as follows:

> [E]ight (8) years in the Cabinet of [sic] Human Resources at a facility so designated by the Cabinet for Human Resources until the defendant reaches the age of eighteen (18) or is paroled or probated, whichever first occurs[;] and if parole or probation has not been granted, after the defendant reaches the age of eighteen (18) she shall be returned to this Court, at which time the Court will determine whether or not the defendant will be placed on probation or conditional discharge or returned to the Cabinet for Human Resources to complete a treatment program, or be incarcerated in an institution operated by the Corrections Department [sic].

On appeal, Canter contends that the trial court was without authority to sentence her pursuant to KRS 640.030 [3], but was limited to the much more lenient dispositions provided by KRS 635.060, which include:

> (1) Order the child to make restitution or reparation to any injured person to such extent, in such sum and upon such conditions as the court determines;
>
> (2) Place the child on probation or under supervision in his own home or in a suitable home or boarding home, upon such conditions as the court shall determine. A child so placed on probation or supervision shall be subject to the visitation and supervision of a probation officer or an employee of the cabinet. A child so placed on probation or supervision shall remain subject to the jurisdiction of the court until he becomes eighteen (18) years of age, unless he is discharged prior thereto by the court, except that if a person is placed on probation or supervision after he reaches the age of seventeen (17) years and six (6) months, such probation or supervision shall be for a period not to exceed one (1) year;
>
> (3) Commit the child to the custody or guardianship of the cabinet or of a child-caring facility or a child-placing agency authorized to care for such children, or place the child under the custody and supervision of a suitable person. All orders of commitment may include such advisory recommendations as the court may deem proper in the best interests of the child and of the public. Such commitment or placement shall be until the age of eighteen (18), subject to the power of the court to terminate the order and discharge the child prior thereto, except that if such commitment or placement is after a person has reached the age of seventeen (17) years and six (6) months, such commitment or placement shall be for an indeterminate period not to exceed

---

**2.** "A youthful offender, if he is convicted of, or pleads guilty to, a felony offense in circuit court, shall be subject to the same type of sentencing procedures and duration of sentence, including probation and conditional discharge, as an adult convicted of a felony offense, except that:

.    .    .    .    .

"(2) Any sentence imposed upon the youthful offender shall be served in a facility or program operated by the cabinet for human resources until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs. If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence, and has not been probated or released on parole, that individual shall be returned to the sentencing court. At that time, the sentencing court shall make one (1) of the following determinations:

"(a) Whether the youthful offender shall be placed on probation or conditional discharge;

"(b) Whether the youthful offender shall be returned to the cabinet for human resources to complete a treatment program, which treatment program shall not exceed a period in excess [sic] of six (6) months. At the conclusion of the treatment program or at the expiration of six (6) months, whichever first occurs, the individual shall be finally discharged; or

"(c) Whether the youthful offender shall be incarcerated in an institution operated by the corrections cabinet...."

**3.** The further argument that the sentence, if illegal, is unenforceable, notwithstanding that Canter agreed to it, is not contested by the Commonwealth.

one (1) year. The court, in its discretion, upon motion by the child and with the concurrence of the cabinet, may authorize an extension of commitment up to age twenty-one (21) to permit the cabinet to assist the child in establishing independent living arrangements; or

(4) If the child is sixteen (16) years of age or older, order that the child be confined in an approved secure juvenile detention facility or a juvenile holding facility in accordance with KRS 15A.200 for a period of time not to exceed thirty (30) days.

Canter maintains that the application of this statute, rather than KRS 640.030, is mandated by KRS 640.040(4):

Any youthful offender convicted of a misdemeanor or any felony offense which would exempt him from KRS 635.-020(2), (3), (4), (5) or (6) shall be disposed of by the circuit court in accordance with the provisions of KRS 635.060.

In the present case, we need examine only the relationship of this statute to subsection (2) of KRS 635.020 (note 1, *supra*) the threshold for possible youthful offender status for a child "charged with a capital offense, Class A felony or Class B felony." A Class C felony, of which Canter was ultimately convicted, certainly would not fall within the purview of KRS 635.020(2); had she originally been charged with only a Class C felony, she clearly would have been exempt from youthful offender status, and disposition would have been pursuant to KRS 635.060.

The Commonwealth contends that Canter is not exempt from KRS 635.020(2), because that statute was satisfied when Canter was "*charged*" with a capital offense." We find the Commonwealth's position utterly untenable. First, KRS 640.040 is clearly and entirely intended to prohibit certain sentencing alternatives otherwise available under KRS 640.030. The Commonwealth's interpretation would render KRS 640.040(4) a nullity. Secondly, and more fundamentally, we cannot accept the proposition that the final disposition of any offender is dependent upon the original charge rather than the ultimate conviction.

We will not presume guilt, and particularly not after acquittal.

The sentence is vacated and this matter remanded to Hickman Circuit Court for disposition in accordance with the provisions of KRS 635.060.

### II. NO. 92–SC–742–MR

On July 16, 1992, Canter petitioned the Court of Appeals for a writ of prohibition to prevent the trial court from proceeding further under KRS 640.030 upon Canter's becoming eighteen. The petition was denied, and Canter appealed to this Court as a matter of right. The appeal in No. 92–SC–827–TG was transferred, and the appeals were consolidated. On September 11, 1992, Canter moved this Court for an emergency stay of proceedings in the trial court, pending resolution of the appeal. Following a hearing on that motion, the parties entered into an agreed order to postpone proceedings in the trial court pending decision on the appeal.

In view of our holding in No. 92–SC–827–TG, the appeal in No. 92–SC–742–MR is dismissed as moot.

All concur.