RENDERED: MAY 20, 2010
TO BE PUBLISHED

Supreme Court of Kentucky ~~FINAL~~

2008-SC-000895-DG

DATE 06102010

BRANDI CHIPMAN                                          APPELLANT


ON REVIEW FROM COURT OF APPEALS

V.                      CASE NO. 2007-CA-000690-MR
                    KENTON CIRCUIT COURT NOS.
            06-CR-00539 AND 06-CR-00539-001


COMMONWEALTH OF KENTUCKY                                APPELLEE


**OPINION OF THE COURT BY JUSTICE NOBLE**

**REVERSING, VACATING AND REMANDING**


This case involves the disposition of a juvenile convicted in circuit court and sentenced as a youthful offender. The Court of Appeals affirmed. This Court granted discretionary review to address two issues: (1) Does KRS 640.040(4) apply to a youthful offender transferred to the circuit court based on her "use of a firearm" under KRS 635.020(4) when she pleads guilty to a lesser included offense, the elements of which do not reflect the use of a firearm? And (2), in answering the first question, what sources should the court consider? For the reasons set forth below, the Court of Appeals is reversed.

# I. Background

Appellant, Brandi Chipman, was a seventeen-year-old girl with no prior criminal history. She bought marijuana from Brandon Vest, and gave him a video camera as collateral until she could come up with the money for the drugs. Later, Vest refused to return the camera, claiming that he had sold it. Learning that Vest still had the camera, Appellant asked three adult males to accompany her while she went to Vest's apartment to exchange the money for her camera.

One of the adults allegedly brought a gun with him, pistol-whipped Vest, and took various items from the apartment. Appellant claimed that she believed the adults were just going to accompany her while she retrieved her property, and that she did not know one of them had a gun or that any of them intended to rob or hurt any occupants of the apartment.

Appellant was charged with first-degree burglary, first-degree robbery, and second-degree assault. After a preliminary hearing, the district court transferred Appellant to circuit court, where a grand jury indicted her on these three charges. She entered into a plea agreement with the Commonwealth before trial, pleading guilty to second-degree robbery. In exchange, the Commonwealth recommended an eight-year sentence and dismissal of the other charges. She also agreed to testify against the adult males and to help police apprehend two of them who had avoided arrest.

After some discussion, Appellant's attorney and the Commonwealth agreed that Appellant should be sentenced as a juvenile, not as a youthful offender. The circuit court disagreed, based on its interpretation of the relevant

2

statute, and sentenced Appellant as a youthful offender to sixty-one months' imprisonment. The court then allowed Appellant to amend her earlier plea to be conditional, in order to allow this appeal.

The Court of Appeals affirmed Appellant's sentence. This Court granted discretionary review to consider whether Appellant should have been sentenced as a juvenile.

## II. Analysis

Whether Appellant should have been sentenced as a juvenile or an adult is a question of law. Consequently, this Court will review the decision of the circuit court de novo. *Richardson v. Louisville/Jefferson County Metro Government,* 260 S.W.3d 777, 778 (Ky. 2008) (citation omitted).

At common law, through the present day, Kentucky has recognized that children should not be held to the same standard as adults. However, as modern society saw a rise in more heinous crimes being committed by children, concerns about punishment and setting an example soon followed. Consequently, the legislature enacted exceptions to the Juvenile Code by creating a class of offenders known as "youthful offenders," who are children that are prosecuted and sentenced as if they were adults. Yet, being mindful of the traditional reluctance to treat children as adults, the legislature set a high bar for children to be deemed youthful offenders.

Thus, under the statutory scheme, KRS 635.010–.120 & 640.010–.120, two steps are required before a child will be sentenced as a youthful offender. First, the child must qualify for transfer to circuit court and prosecution as a youthful offender by falling under one of the youthful offender provisions in

3

KRS 635.020(2)–(7). Then, upon conviction in the circuit court, the child may be sentenced as a youthful offender only if he is not "exempt" under KRS 640.040(4). This means that the child's ultimate conviction must continue to qualify him as a youthful offender under one of the provisions in KRS 635.020(2)–(7). *See Canter v. Commonwealth*, 843 S.W.2d 330, 331–32 (Ky. 1992). As a result, to be properly sentenced as an adult, a child must qualify as a youthful offender both for prosecution and for sentencing. *Id.*

The only provision which could qualify Appellant as a youthful offender here is KRS 635.020(4). That provision states that a child

> shall be transferred to the Circuit Court for trial as an adult if, following a preliminary hearing, the District Court finds probable cause to believe that the child committed a felony, that a firearm was used in the commission of that felony, and that the child was fourteen (14) years of age or older at the time of the commission of the alleged felony.

This provision continues: "If convicted in Circuit Court, he shall be subject to the same penalties as an adult offender," as set forth in this and other statutes.

Appellant does not argue that her initial transfer was improper. Rather, her argument is that she could not be sentenced as a youthful offender because she was "exempt" from such sentencing under KRS 640.040(4). That provision states that: "Any youthful offender convicted of a misdemeanor or any felony offense which would exempt him from KRS 635.020(2), (3), (4), (5), (6), (7), or (8) shall be disposed of by the Circuit Court in accordance with the provisions of KRS 635.060 [juvenile sentencing]." This exemption provision covers KRS 635.020(4), the "use of a firearm" provision at issue in this case.

4

The effect of this exemption statute was clearly articulated in *Canter*. Canter was charged with murder and first-degree criminal abuse. She was transferred to circuit court for trial as a youthful offender under KRS 635.020(2) because she was "charged with a capital offense, Class A felony, or Class B felony, [and] had attained age fourteen (14) at the time of the alleged commission of the offense." The murder charge qualified her for transfer because she was over fourteen and murder is a capital offense, *see* KRS 507.020(2); however, the first-degree criminal abuse charge did not because that offense is only a Class C felony, *see* KRS 508.100(2). Canter was ultimately acquitted of the capital offense but convicted of the Class C felony, and then sentenced as a youthful offender.

On appeal, the issue was whether Canter could be properly sentenced as a youthful offender, given that her only conviction was for a Class C felony, a charge for which she could not have been transferred. This Court unanimously held that such sentencing was improper and remanded with instructions to sentence her as a juvenile. *Canter*, 843 S.W.2d at 332.

In its decision, this Court focused on the crime for which Canter was actually convicted:

> A Class C felony, of which Canter was ultimately convicted, certainly would not fall within the purview of KRS 635.020(2); had she originally been charged with only a Class C felony, she clearly would have been exempt from youthful offender status, and disposition would have been pursuant to KRS 635.060 [juvenile sentencing].

*Id.* The Court then explained the importance of focusing on the conviction for sentencing purposes, rather than on mere charges:

5

> The Commonwealth contends that Canter is not exempt from KRS 635.020(2), because that statute was satisfied when Canter was *"charged* with a capital offense." We find the Commonwealth's position utterly untenable. First, KRS 640.040 is clearly and entirely intended to prohibit certain sentencing alternatives . . . . The Commonwealth's interpretation would render KRS 640.040(4) a nullity. Secondly, and more fundamentally, we cannot accept the proposition that the final disposition of any offender is dependent upon the original charge rather than the ultimate conviction. We will not presume guilt, and particularly not after acquittal.

*Id.*

The *Canter* decision makes it clear that sentencing of children is controlled by the child's conviction, not any prior charge that may have been the initial basis for transfer. *Id.* Indeed, as this Court realized in *Canter*, this is the only way to give KRS 640.040(4) any effect, as that statute requires that certain convictions in circuit court "exempt" children from youthful offender sentencing. Such exemption would be impossible if the sentencing did not depend on whether the ultimate conviction satisfied the youthful offender statutes.

Thus, this case turns on whether the crime of which Appellant was convicted continued to qualify her as a youthful offender. This depends on whether she was actually convicted of a felony in which "a firearm was used." *See* KRS 635.020(4).

Despite the clarity of *Canter*, that case is not dispositive here because KRS 635.020(4) creates a unique problem: it is the only youthful offender provision whose applicability post-conviction will not be self-evident. All other youthful offender provisions require looking at only the class of the crime, the age of the defendant, and perhaps prior adjudications or convictions on his or

6

her record.[1] For that reason, determining whether the relevant provision still applies when fixing a sentence can be done by glancing at the defendant's conviction and official records. In almost every case the issue will be clear and uncontestable, and a direct application of *Canter* will allow the court to resolve the issue with little effort.

In contrast, the "firearm was used" provision is fact-specific and requires the court to conduct deeper inquiry. The court must look at the particular facts underlying the conviction because, as the Commonwealth points out in its brief, KRS 635.020(4) covers crimes for which the use of a firearm is not an element but where a firearm was nevertheless used in a particular case. Indeed, the crimes potentially covered by the provision are quite broad: it requires that the "child committed a felony[ and] that a firearm was used in the commission of that felony."

Seemingly, any felony could qualify under the right set of facts. For example, although first-degree wanton endangerment and reckless homicide need not involve a firearm, *see* KRS 508.060; KRS 507.050, they certainly could. And the crime for which Appellant pleaded guilty, second-degree robbery, requires that "in the course of committing theft, [s]he use[d] or threaten[ed] the immediate use of physical force upon another person." KRS

---

[1] *See* KRS 635.020(2) ("capital offense, Class A felony, or Class B felony" by child at least fourteen years old); (3) ("Class C or Class D felony," with one prior felony adjudication as a juvenile, by child at least sixteen years old); (5) (felony, by child with previous conviction as youthful offender, before eighteenth birthday); (6) (joining lesser charges for youthful offenders under subsection (2)); (7) (felony committed before eighteenth birthday by person who is at least eighteen years old); (8) (joining certain offenses).

7

515.030. This could involve—but certainly does not need to involve—the use of a firearm.

However, the seeming breadth of this provision is curtailed because the use of the firearm must be tied to the child. This is because the statute refers to a firearm being "used in the commission of *that* felony," referring back to the felony "*that the child committed.*" KRS 635.040(4) (emphasis added). Thus, the child must use the firearm while committing a felony, or at least be complicit in another person's use of a firearm. Indeed, this is consistent with the statutory scheme, which subjects children to adult sentencing for only the most heinous and serious of crimes. However, it also underscores the uniqueness of the "use of a firearm" provision because it requires evidence in the record indicating that the child used a firearm in committing the felony; the child's use of a firearm will not be self-evident from the conviction.

If the use of a firearm is not self-evident from the conviction, it must appear somewhere from the record. In this case, Appellant and the Commonwealth reached a plea agreement before trial, and so no evidence was introduced that might establish Appellant's use of a firearm. Indeed, other than Appellant's plea colloquy, no testimony was heard at all. Of course, if this case were tried, the court could have made findings, based on the evidence introduced at trial, about whether Appellant had used a firearm. The disposition of the child depends on whether or not a firearm was used, and so a finding in this regard is necessary to properly fix the sentence. But here, the court had no evidence before it on this point. The court only had the plea, and so the plea must establish Appellant's use of a firearm. It did not do so.

Of course, if the Commonwealth wishes to preserve the possibility of youthful offender sentencing when negotiating pleas, it could require defendants to stipulate to their use of a firearm (or to their complicity in another's use of a firearm) as a condition of the plea agreement. In addition, the Commonwealth could require an express, knowing, and voluntary waiver of the right to juvenile sentencing, which would vest the court with the discretion to sentence the defendant under the harsher, adult provisions, if appropriate. *See Kozak v. Commonwealth*, 279 S.W.3d 129 (Ky. 2009).

No such stipulation, agreement, or waiver was made here. In fact, the record makes clear that the Commonwealth's Attorney had no objection to sentencing Appellant as a juvenile. He told the court: "I have no problem after having had it pointed out to me that she must be treated as a juvenile. The legislature says that in these circumstances [juvenile sentencing is required], then they are the ones that made the policy." The Commonwealth never objected to juvenile sentencing or argued that Appellant had waived juvenile sentencing. Indeed, the Commonwealth expressly stated that sentencing as an adult was not a condition of the plea. And when the court ruled that Appellant was to be sentenced as an adult anyway, the Commonwealth asked the court to amend her plea to make it conditional to allow the issue to be appealed. In short, the Commonwealth had the opportunity to secure the possibility of youthful offender sentencing, but decided it was not in the interest of justice to do so.

In support of upholding the youthful offender sentencing on appeal, the Commonwealth points to two statements made to the court. Specifically, that

Appellant "acknowledged that one of the participants had a . . . pistol" during the plea colloquy and that "the Assistant Commonwealth's Attorney explained for the court that the co-defendant pistol whipped the victim." This does not adequately establish that Appellant used a firearm or was complicit in another person's use of a firearm.

With respect to the colloquy, Appellant's agreement with the court that one of the adult males accompanying her "was carrying a .25 caliber pistol" does not establish her use of the pistol. First, this Court has stressed that "use" requires something more than mere "possession" or being "armed." *See, e.g., Darden v. Commonwealth,* 52 S.W.3d 574, 577 (Ky. 2001) ("We believe the terms 'possession of a weapon' and 'use of a weapon' are two entirely different concepts."); *Haymon v. Commonwealth,* 657 S.W.2d 239, 240 (Ky. 1983) ("[T]he General Assembly took pains to distinguish between being 'armed' with a weapon and the 'use of a weapon' in the burglary statute."). Carrying a firearm is synonymous with possessing or being armed with a firearm; Appellant did not state that the firearm was used by her or anyone.

Second, and more importantly, this statement is not an admission that the pistol was used by Appellant. As noted above, KRS 635.020(4) requires that the child use the firearm (or be complicit in its use). Appellant admitted that one of her co-defendants happened to have a gun. This is a far cry from admitting to even a personal connection to the gun, much less a personal use, especially since Appellant had maintained throughout the proceedings that she was unaware that her companion had brought the pistol with him.

10

With respect to the Commonwealth's statement to the court, Appellant's use of the firearm cannot be established by the Commonwealth's theory of the case. "[T]he arguments of counsel are not evidence." *Miller v. Commonwealth,* 283 S.W.3d 690, 695 (Ky. 2009). In fact, if anything, the Commonwealth's belief that juvenile sentencing was appropriate based on the plea suggests that the Commonwealth's theory was that although Appellant had planned the robbery, she was not complicit in the use of a firearm. But in any event, juvenile dispositions must be based on the underlying conviction, as in *Canter,* or in the case of the "use of a firearm" provision, based on evidence introduced supporting the underlying conviction. Here, the conviction is based on a plea, which does not in any way show Appellant's use or complicity in another's use of a firearm.

In short, the record before the court suggesting that Appellant used a firearm consists of her statement that somebody else possessed a firearm and the prosecutor's statement about the Commonwealth's theory of the case. The former is not an admission to her use, as the statute requires; the latter is not proper evidence of any sort. No stipulation to using a firearm was made in the plea agreement, a condition the Commonwealth could have placed during negotiations. This is not enough to conclude "that [Appellant] committed a felony[ and] that a firearm was used in the commission of that felony." KRS 635.020(4). For that reason, Appellant is exempt from youthful offender sentencing by virtue of KRS 640.040(4). *Cf. Canter,* 843 S.W.2d at 332.

11

### III. Conclusion

The Court of Appeals is reversed, Appellant's sentence is vacated, and the case is remanded with instructions to sentence her as a juvenile under KRS 635.060.

Minton, C.J.; Abramson, Cunningham, and Scott, JJ., concur. Venters, J., dissents by separate opinion in which Schroder, J., joins.

VENTERS, J., DISSENTING: There is no reasonable doubt in this case that in the second-degree robbery that Chipman committed, a firearm was used to persuade the robbery victim to surrender possession of Chipman's camera. The Majority opinion imposes an unreasonably narrow interpretation of KRS 635.040(4) in holding that, because the gun was held in the hand of her accomplice instead of her own, she is immune from the enhanced punishment the legislature intended for youthful offenders who commit crimes with guns. While the Majority's holding may seem benign, even compassionate, in this case of "a seventeen–year-old girl with no criminal history," its sinister aspect will become glaringly apparent when invoked by youthful gang members with a violent and dangerous past. I therefore dissent. Schroder, J., joins.

12

COUNSEL FOR APPELLANT:

Timothy G. Arnold
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, Kentucky  40601


COUNSEL FOR APPELLEE:

Gregory C. Fuchs
Todd Dryden Ferguson
Assistant Attorney General
Office of Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, Kentucky  40601-8204