RENDERED:  JUNE 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1003-MR

TONYA SHERRIE HALL                                        APPELLANT

v.
APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 20-CI-00508

PAUL BRADY HALL                                             APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Tonya Sherrie Hall appeals from the Findings of Fact,

Conclusions of Law, Judgment and Decree of Dissolution entered July 29, 2021,

by the Bullitt Circuit Court.  After careful review of the briefs, record, and law, we

affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

The parties married on September 17, 1994, and in July 2020, Paul Brady Hall petitioned for a dissolution of marriage. Tonya timely answered and filed a counter-petition seeking maintenance. On March 3, 2021, pursuant to the parties' agreement, the court appointed an appraiser to assess three categories of personal property – weapons; possessions of the parties' son, Nathan, who died intestate in 2017; and the parties' miscellaneous personal possessions – and divide the items equitably by fair market value into lists designated as A and B. Prior to the final hearing, the parties submitted an agreed order resolving various issues including, relevantly, that Tonya had a non-marital interest in the parties' home, totaling $114,330.40, and in the $70,000 held in her Abound account.

On July 29, 2021, after taking proof, the court entered its Findings of Fact, Conclusions of Law, Judgment and Decree of Dissolution. Therein, the court made the following findings and conclusions: (1) Tonya had elected personal property list B, and though the court noted it was not provided with the lists, she was granted possession of those items; (2) the $30,000 held in escrow was marital property awarded to Tonya; (3) in accordance with the parties' agreement, Tonya was assigned $184,330.40 as her non-marital property; (4) the marital home was allocated to Paul, but he was required to pay Tonya her half of its equity, approximately $63,834.85, in addition to reimbursing her non-marital interest in

the property; and (5) considering the property awarded to Tonya, including the approximate $278,165.25 total in cash and her future income from the parties' evenly divided retirement accounts, Tonya was not entitled to maintenance. This appeal timely followed. We will introduce additional facts as they become relevant.

## ANALYSIS

As an initial matter, we must address Tonya's failure to comply with various provisions of the Kentucky Rules of Civil Procedure (CR).

CR 76.12(4)(c)(iv)-(v) requires that factual assertions contained in the statement of the case and argument sections of an appellant brief be supported by ample and specific citations to the record on appeal. Here, Tonya's brief is non-compliant since she provides scant, improperly formatted citations – her references to the video record lacking both the "VR" designation and the date of proceeding required by CR 98(4)(a). "It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation . . . to provide specific references to the record." *Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009). Additionally, in violation of CR 76.12(4)(c)(v) and (vii), Tonya did not state whether her various claims of error were preserved for appeal and failed to identify where the multiple exhibits appended to her brief, including the property lists the court did not receive, may be

found in the record on appeal. As a court of review, we are "without authority to review issues not raised in or decided by the trial court" and are "constrained by the record from the lower court[.]" *Regional Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *Johnson v. Wood*, 626 S.W.3d 543, 549 (Ky. 2021).

Where a party fails to abide by the rules of civil procedure, we are permitted to ignore the deficiency, strike the brief in whole or part, or review the issues raised for manifest injustice. CR 76.12(8); *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). Given that the brief demonstrates little attempt at compliance with the civil rules, the size of the record on appeal – eight volumes of record and over twenty separate video recordings – and the fact that many of the issues raised by Tonya are questions of fact, we are disinclined to ignore the deficiency. Rather than striking the brief, we will conduct a review only for manifest injustice. Manifest injustice requires that the appellant either demonstrate a probability of a different result or an error which "seriously affected the fairness, integrity, or public reputation of the proceeding." *Jones v. Bailey*, 576 S.W.3d 128, 145 (Ky. 2019) (quoting *Young v. Commonwealth*, 426 S.W.3d 577, 584 (Ky. 2014)).

Tonya raises various claims that the court failed to execute its mandatory duty under KRS[1] 403.190 to properly classify the parties' property, to

---

[1] Kentucky Revised Statutes.

restore ownership of her non-marital property, and to divide the marital property in just proportions. We will address her individual contentions in turn.

Tonya first asserts the judgment should be reversed because the court failed to divide all of the parties' personal property. Though Tonya admits the court awarded her the property on list B, she contends the referenced lists included solely the possessions received from their son's estate – the court appointed appraiser having merely inventoried and valued the remainder of the parties' personal property without dividing the items into lists A and B – and argues the judgment is, therefore, deficient. Paul concedes their miscellaneous personal property was not included on the lists referenced in the judgment, but because the parties have already divided the items, he opines the matter is moot.

On alternate grounds, we agree with Paul that reversal is not merited. "A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion[.]" CR 52.04. In *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011), the Court explained the rule requires parties to assist the trial court in its good faith efforts to render sufficient findings of fact by making a written request for additional findings where, as Tonya alleges here, they are incomplete. Appellate review cannot be had of matters on which the trial judge did

-5-

not rule and as to which the appellants made no requests for specific findings. *Abuzant v. Shelter Ins. Co.*, 977 S.W.2d 259, 262 (Ky. App. 1998). Herein, Tonya did not file the required motion; accordingly, any error has been waived. *See Underwood v. Underwood*, 836 S.W.2d 439, 445 (Ky. App. 1992), *overruled on other grounds by Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky. 2001).

Next, challenging the court's conclusion that the $30,000 held in escrow was marital property, Tonya argues the court erroneously relied on the theory of transmutation. She further avers that had the court applied the proper standard – the source of funds rule – it would have been compelled to conclude the money was her non-marital property since she irrefutably traced it from her non-marital Abound account. We disagree.

Transmutation is a method for characterizing property which holds that the comingling of non-marital and marital property renders all of the property marital. *Sexton v. Sexton*, 125 S.W.3d 258 (Ky. 2004). Kentucky law is settled that transmutation is not a valid basis to classify property, and instead, as Tonya correctly states, the source of the funds is determinative. *Id.* However, there is no evidence the court herein failed to apply the correct law. Though the court did state that the intermingling of funds over time impedes reliable tracing, this was merely a commentary on the evidentiary challenges inherent to the source of funds rule, not an improper statement of the law. *See id.* at 271.

Moreover, Tonya has failed to demonstrate adequate tracing upon which the court could properly rely. In her brief, Tonya claims that on two separate occasions, in anticipation of large purchases which did not ultimately occur, she transferred funds, in sums of $20,000 and $10,000 respectively, from her Abound account – which the parties agreed contained her non-marital money – to a joint account before returning the funds to her personal account and finally, by court order, into escrow. To support her tracing, Tonya cites her testimony regarding the transfer and withdrawal of $20,000, Paul's admissions he did not contribute money to the joint account, and a bank statement, which was attached to her brief without reference to whether it was filed in the record. The bank statement demonstrates that $20,000 was transferred from an Ameritrade account to the joint account and then withdrawn for deposit in another unidentified account. This purported tracing is insufficient given that the cited evidence pertains only to a portion of the disputed sum and neither the bank records nor Tonya's testimony support her contention the funds originated from the Abound account. Consequently, we conclude the court's determination is not manifestly unjust.

Similarly, we reject as unfounded Tonya's next contention that the court applied the theory of transmutation or otherwise erred by classifying an F-350 truck awarded to Tonya as marital property where it was uncontroverted that she purchased it with non-marital funds. Again, nothing demonstrates that the

-7-

court applied the incorrect law, and Tonya has failed to refer this Court to any evidence tracing the asset to a non-marital source.[2]

Tonya next complains that the court erred generally by concluding that all of the parties' personal property was marital. KRS 403.190(2)-(3) creates a presumption that all property acquired during the marriage is marital unless the property was acquired via a delineated exception. Therefore, to merit reversal, Tonya would have to establish that specific items of property were excepted from the marital presumption by clear and convincing evidence. *Barber v. Bradley*, 505 S.W.3d 749, 755 (Ky. 2016).

On appeal, Tonya has identified only three items to which she asserts a non-marital claim: the money in escrow, the F-350 truck, and a David Brown tractor. We have already addressed and rejected Tonya's arguments pertaining to the funds and truck. Regarding the tractor, the sole support offered for Tonya's claimed exception as a non-marital gift, pursuant to KRS 403.190(2)(b), is her attorney's statement to the circuit court that the item originated from her father absent any mention of an agreement. This is not evidence. *See Chipman v. Commonwealth*, 313 S.W.3d 95, 99-101 (Ky. 2010). Hence, Tonya has failed to

---

[2] While Tonya did cite this Court to a time segment of the video proceedings, she did not provide the corresponding date of the hearing. We presume the citation refers to April 14, 2021, the date of the final hearing; however, therein Paul was questioned regarding the purchase of a Massey Ferguson tractor, not the truck.

demonstrate the court erred in concluding the property is marital, and we find no manifest injustice.

Finally, Tonya maintains that the court erred in denying her request for maintenance. To receive maintenance, Tonya was required to establish that she lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. KRS 403.200(1). Citing her guaranteed income, the value of the non-marital and marital assets awarded to her, and the assured, yet unspecified, income she will receive from her share of various pension and retirement accounts, the court concluded Tonya did not satisfy her burden of proof.

Tonya disagrees with the court's assessment of the evidence where she proved: she has been adjudged disabled by the Social Security Administration; her only source of income is the $1,450 she receives monthly from disability; her uncontested estimated expenses, as supported by a filed statement of financial necessity, total $5,716.12; and she is unable to access the retirement funds for at least ten years. Further, citing *Colley v. Colley*, 460 S.W.2d 821, 827 (Ky. 1970), Tonya disputes the court's reasoning that the awarded property, which produces no income, obviates the need for maintenance when, by necessity, she would have to exhaust the principal to meet her needs. Paul contends the court's conclusion is proper considering that her present assertions of being dependent on Paul's support

are contrary to her prior claims that he did not contribute financially to the marriage, as well as Tonya's financial assets.

The court found that Tonya was unemployed as a result of medical disability. Thus, the only question is whether she has sufficient property to meet her reasonable needs. Though Tonya was awarded a substantial amount of liquid assets, approximately $278,165.25, as well as property of an unknown value, the court's findings do not demonstrate that it contemplated her glaring budgetary shortfall, which will exhaust her cash reserves in less than seven years, the amount of her anticipated retirement benefit, or when Tonya is eligible to receive her retirement benefits. The latter consideration is perhaps the most important given the court's reliance on the future benefit and the fact that the parties were only 47 and 49 years of age, respectively, at the time of the judgment.

Accordingly, we hold that the court's conclusion Tonya has sufficient assets[3] to meet her reasonable needs until she is able to collect on her retirement is manifestly unjust and remand the matter for further consideration. On remand, the court shall address the concerns noted above and decide anew whether Tonya can meet her reasonable needs; if not, the court shall weigh the KRS 403.200(2) factors

---

[3] It may be necessary to assign specific monetary value to all property awarded to Tonya in order to make this determination; *i.e.*, list B and all vehicles granted to Tonya.

for setting maintenance. *See Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012).

## CONCLUSION

Therefore, and for the forgoing reasons, the order of the Bullitt Circuit Court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for additional proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph J. Wantland
Shepherdsville, Kentucky

BRIEF FOR APPELLEE:

Amber L. Cook
Shepherdsville, Kentucky