RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0686-MR

JACOB FULKERSON                                            APPELLANT


                        APPEAL FROM NELSON CIRCUIT COURT
v.                     HONORABLE CHARLES C. SIMMS, III, JUDGE
                             ACTION NO. 19-CR-00341


COMMONWEALTH OF KENTUCKY                           APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

DIXON, JUDGE: Jacob Fulkerson appeals the order of the Nelson Circuit Court, entered June 7, 2021, denying his motion for disposition as a juvenile and sentencing him as a youthful offender to five years' imprisonment. After careful review of the record, briefs, and law, we affirm.

# PROCEDURAL HISTORY

In May 2019, Fulkerson was arrested and charged with the murder of Chris Metzger,[1] a capital offense, among other lesser charges. Because Fulkerson was 15 years old, the proceedings against him began in juvenile court. However, in August 2019, after a hearing wherein the juvenile court determined Fulkerson was charged with a capital offense and a firearm had been used in the commission of that offense, the case was transferred to circuit court for youthful offender proceedings in accordance with KRS 635.020(2) and (4) (2019).[2] On May 4, 2021, Fulkerson pled guilty to a reduced charge of reckless homicide,[3] a Class D felony. The plea agreement and Fulkerson's plea colloquy were silent as to the factual predicate underlying the conviction.

After entry of the plea, Fulkerson motioned the court for disposition as a juvenile. Fulkerson argued that, because he was convicted of only a Class D felony and there was no evidence in the record of his use of a firearm, he no longer qualified for transfer, and thus, he was exempt from sentencing as a youthful offender pursuant to KRS 640.040(4). Citing a statement in the presentence investigation report that "a witness . . . saw the defendant shoot the victim in the

---

[1] Kentucky Revised Statutes (KRS) 507.020.

[2] Effective June 29, 2021, after Fulkerson was sentenced, KRS 635.020 and KRS 640.010 were amended modifying the transfer procedure for felonies involving the use of a firearm.

[3] KRS 507.050.

chest[,]" the circuit court denied the motion and sentenced Fulkerson in accordance with the plea offer to five years to serve. This appeal followed.

## ANALYSIS

Generally, when a child commits an offense that would be a crime if committed by an adult, the act is considered a public offense. *See* KRS 600.020(51). Public offenses are adjudicated by the juvenile session of the district court or the family division of the circuit court. KRS 610.010. The dispositional alternatives for public offenses are significantly more lenient than the sentencing ranges for criminal convictions. *See* KRS 635.060 and 532.060. Additionally, an adjudication for a public offense does not impose the same collateral consequences as a criminal conviction. KRS 635.040.

As an exception to this general rule, youthful offenders are children who, due to their age and the nature of their offenses, are prosecuted and sentenced as if they were adults. *Chipman v. Commonwealth*, 313 S.W.3d 95, 97 (Ky. 2010); *see also* KRS 600.020(72), 635.020(4), and 640.030. Kentucky courts have recognized that "the legislature set a high bar for children to be deemed youthful offenders." *Chipman*, 313 S.W.3d at 97.

> Thus, under the statutory scheme, KRS 635.010-.120 & 640.010-.120, two steps are required before a child will be sentenced as a youthful offender. First, the child must qualify for transfer to circuit court and prosecution as a youthful offender by falling under one of the youthful offender provisions in KRS 635.020(2)-(7). Then, upon

conviction in the circuit court, the child may be sentenced as a youthful offender only if he is not "exempt" under KRS 640.040(4). This means that the child's ultimate conviction must continue to qualify him as a youthful offender under one of the provisions in KRS 635.020(2)-(7). *See Canter v. Commonwealth*, 843 S.W.2d 330, 331-32 (Ky. 1992). As a result, to be properly sentenced as an adult, a child must qualify as a youthful offender both for prosecution and for sentencing. *Id.*

*Id.*

Fulkerson does not challenge the district court's order transferring the matter; rather, the issue is whether he still qualified as a youthful offender at sentencing. Since Fulkerson pled guilty to a Class D felony and did not expressly waive his right to juvenile disposition, KRS 635.020(4) is the only viable basis for his sentence. KRS 635.020(4) states that "[i]f a child charged with a felony in which a firearm, whether functional or not, was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission of the alleged offense," the child shall be transferred for trial as an adult, and if convicted, subject to the same penalties. When, like here, "the use of a firearm is not self-evident from the conviction, it must appear somewhere from the record." *Chipman*, 313 S.W.3d at 99.

Because both his plea agreement and the colloquy were silent as to any facts, Fulkerson argues the court committed reversible error in sentencing him as a youthful offender. Disagreeing that the record contains no evidence, the

-4-

Commonwealth refers this Court to (1) testimony from the transfer hearing before the district court and (2) the indictment, which the Commonwealth asserts explicitly stated that a pistol was used to kill Metzger.

We reject the Commonwealth's latter claim for multiple reasons. First, because Fulkerson pled guilty to an amended charge, the indictment is irrelevant to this matter. Second, the Commonwealth's claim is not supported by the record. Count 1 of the indictment merely reads that Fulkerson "committed the offense of Wanton Murder by wantonly engaging in conduct which created a grave risk of death to Christopher Metzger and thereby causing [his] death[,]" and makes no mention of a pistol or, much less, Fulkerson's use thereof. Third, and most importantly, the indictment is not evidence. *Tot v. United States*, 319 U.S. 463, 466-67, 63 S. Ct. 1241, 1244, 87 L. Ed. 1519 (1943); *see also* RCr[4] 9.56(1).[5]

Consequently, we turn to the Commonwealth's contention that testimonial evidence[6] from Detective (Det.) Smith and Andrew Nalley provided

---

[4] Kentucky Rules of Criminal Procedure.

[5] The circuit court's reliance upon the presentence investigation report, which simply quoted the underlying juvenile petition, is likewise erroneous. Notwithstanding this fact, our review is not complete as "it is well-settled that an appellate court may affirm a lower court for any reason supported by the record." *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009) (citing *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991)).

[6] We note that in its appellee brief, the Commonwealth also offered statements made by Fulkerson and an alleged witness; however, because the former was suppressed and the latter was never admitted as evidence, neither was properly before the court. Accordingly, we have wholly disregarded these references.

-5-

during the transfer hearing supports the circuit court's decision. Det. Smith testified as to a statement from Kaylea Lowe who was present at the apartment where the incident occurred. Per Det. Smith, Fulkerson told Lowe he shot Metzger, explaining that he and Metzger had been playing with the gun, Metzger grabbed the gun, and it went off. Nalley, who was also present at the scene, testified that Fulkerson and Metzger were engaged in a disagreement about marijuana when he saw Metzger hand the gun grip first with the barrel pointed at his own chest to Fulkerson. Nalley looked away, and two seconds later he heard a gunshot.

In reply, Fulkerson concedes he was in possession of, or armed with, a firearm and that the firearm ultimately discharged killing Metzger. Nevertheless, citing *Chipman*, he disputes that the evidence establishes his use of the firearm as opposed to an accidental shooting.

In *Chipman*, the only evidence[7] offered to support youthful offender sentencing under the use of a firearm provision was Chipman's agreement during the plea colloquy that "one of the [adults] accompanying her was carrying a .25 caliber pistol[.]" 313 S.W.3d 95 at 100 (internal quotation marks omitted). In concluding the evidence was insufficient, the court stressed that the "use of a

---

[7] The Commonwealth also relied upon statements to the circuit court about its theory of the case, but *Chipman* was clear that this was not evidence. 313 S.W.3d at 100-01.

firearm" requires more than mere possession, and more importantly, the child must personally use or be complicit in the firearm's use, which Chipman was not. *Id.* at 100-01.

The facts herein are readily distinguishable from *Chipman*, and this case is more akin to *Brown v. Commonwealth*, No. 2010-CA-002293-MR, 2012 WL 876748 (Ky. App. Mar. 16, 2012).[8] Like Fulkerson, after being transferred for youthful offender proceedings and entering a plea of guilty, Brown argued the evidence did not demonstrate that he used a firearm within the meaning of KRS 635.020(4) during his commission of first-degree wanton endangerment, and he motioned for disposition as a juvenile. *Brown*, 2012 WL 876748 at *1-2. This Court affirmed Brown's sentence as a youthful offender holding that evidence Brown had possessed a loaded handgun which discharged during his struggle with police constituted "use" of a firearm. *Id.* at *2.

Here, Fulkerson pled guilty to reckless homicide, an offense predicated on a state of mind less culpable than the wanton conduct[9] at issue in

---

[8] Pursuant to Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), an unpublished opinion rendered after January 1, 2003, may be cited for consideration where there is no published authority that would adequately address the issue at bar.

[9] Reckless homicide merely requires that Fulkerson failed to perceive a substantial and unjustifiable risk, which a reasonable person would have observed, that his actions would result in Metzger's death. *See* KRS 501.020(4). In contrast, wanton murder necessitates that Fulkerson knew his actions created a risk of Metzger's death and consciously disregarded it. *See Id*. at (3).

*Brown*; yet, the evidence similarly demonstrates that Fulkerson, a juvenile actively using alcohol and marijuana, possessed a loaded firearm and was playing with said firearm when it discharged causing Metzger's death. Under these facts, we have no difficulty concluding Fulkerson used a firearm within the meaning of KRS 635.020(4), and thus, the court did not err in sentencing Fulkerson as a youthful offender.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Nelson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laura A. Karem
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky