RENDERED:  JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1049-MR

BENJAMIN W. ROSS                                                                    APPELLANT

v.                        APPEAL FROM SCOTT CIRCUIT COURT
                         HONORABLE BRIAN PRIVETT, JUDGE
                              ACTION NO. 17-CR-00162

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Benjamin W. Ross brings this appeal from a November 21,

2019, judgment of the Scott Circuit Court sentencing Ross to five-years'

imprisonment.  We affirm.

On the night of February 20, 2017, Ross was driving a motor vehicle

that struck and killed Donald Savage.  At the time of the incident, Ross was

seventeen years old.  Two days later, on February 22, 2017, a juvenile petition was

filed that charged Ross with tampering with physical evidence and leaving the scene of an accident/failure to render assistance (17-J-00030-001).

Ross subsequently turned eighteen on April 4, 2017, and on April 28, 2017, an assistant county attorney filed a Motion to Transfer Ross to the circuit court to be prosecuted as a youthful offender per Kentucky Revised Statutes (KRS) 635.020(7).[1]

The district court conducted a preliminary hearing. KRS 640.010(2)(a).[2] At the hearing, the Lieutenant Josh Hutchinson testified that Ross admitted to driving the motor vehicle that struck Savage and to fleeing the scene. Hutchinson also stated that visibility that night was limited to around 20 or 25 feet due to foggy conditions. Hutchinson further testified that Ross removed stickers from the vehicle to prevent it from being identified.

By order entered May 8, 2017, the district court determined that probable cause existed to believe that Ross was charged with a felony prior to turning eighteen years old and that Ross was currently eighteen years old at the time of the hearing. KRS 635.020(7); KRS 640.010(2). The court then considered

---

[1] A youthful offender is a child who is "prosecuted and sentenced as if" he was an adult. *Chipman v. Commonwealth*, 313 S.W.3d 95, 97 (Ky. 2010); *see also* Kentucky Revised Statutes (KRS) 600.020(69) (currently KRS 600.020(72)).

[2] KRS 640.010 was amended effective June 29, 2021. We, however, shall utilize the version of KRS 640.010 that was in effect in 2017.

the factors for transfer as set forth in KRS 640.010(2)(b) and concluded that Ross should be transferred to circuit court as a youthful offender.

Thereafter, Ross was indicted by the Scott County Grand Jury upon the offenses of reckless homicide (KRS 507.050), leaving the scene of an accident/failed to render assistance (KRS 189.580(1)(a)), and tampering with physical evidence (KRS 524.100).

A jury trial ensued. The jury found Ross not guilty of reckless homicide and tampering with physical evidence. However, the jury did find Ross guilty of leaving the scene of an accident/failure to render assistance. By judgment entered November 21, 2019, the circuit court sentenced Ross to five-years' imprisonment. This appeal follows.[3]

Ross contends that the district court's decision to transfer him to circuit court to be tried as a youthful offender was erroneous. Ross alleges that the district court failed to appropriately consider a statutory factor before ordering the transfer – the likelihood of reasonable rehabilitation of Ross by utilizing the resources available in the juvenile justice system (KRS 640.010(2)(b)7.). In particular, Ross believes that the district court was improperly swayed by the

---

[3] Benjamin W. Ross filed a Motion for Belated Appeal on August 27, 2020, in the Court of Appeals. By Order entered August 6, 2021, the Court of Appeals granted the motion for belated appeal.

inaccurate testimony of Stacy Williams, who was employed by the Department of

Juvenile Justice, as to the resources available to Ross in the juvenile justice system:

> Here, Ben had never been in trouble with the law. He was never [in] the juvenile court for any reason in his seventeen [17] years of life. . . . The Commonwealth presented incorrect testimony during one of the key factors: "The likelihood of reasonable rehabilitation of the child by the use of procedures, services, and facilities currently available to the juvenile justice system." KRS 640.010(2)(b)(7). This is arguably the most important factor given that the fundamental question is whether the juvenile system is appropriate to handle the case and rehabilitate the child. . . .
>
> Williams erroneously described how SB 200 limited resources to children. Williams wrongly suggested that SB 200 would only allow Ben to be probated if he were adjudicated in juvenile court. Williams gave the court the distinct impression that "only probation" did not equate to treatment. Williams failed to detail ANY program or procedure that DJJ would employ to monitor and rehabilitate Ben. Williams failed to describe any specific screening procedure DJJ used to determine resources necessary to counsel clients, routinely over eighteen (18) years old, within their system. To complicate matters, Williams's disobliging testimony coupled with the wrong information, persuaded the court that there was nothing that could be done for Ben within the juvenile system, which is patently false. The Justice and Public Safety Cabinet of Juvenile Justice Policy and Procedures has promulgated specific procedures dealing with clients within the community that are subject to community supervision under DJJ Policy number 605. Ben was never considered or his circumstances reviewed based on the juvenile services worker's belief that he could not be served based on his age. Community services may include: 1. Intensive supervision caseloads, which may include the Juvenile Intensive Supervision

Team (JIST) Program; 2. In-home services; 3. Monitoring Device; 4. Drug Screening; 5. Community Service projects; 6. Vocational and educational services; 7. Extended hours day treatment programs; 8. Day treatment programs; 9. Day or evening reporting centers; 10. Utilization of Outpatient or Inpatient treatment services; 11. Cooperation with law enforcement agencies when youth are known, or suspected of being involved in, criminal activities; or 12. Any other appropriate community resource to the identified treatment needs. 505 [Kentucky Administrative Regulations] 1:130; KRS 15A.0652; KRS 15A.068; KRS 605.090. Williams minimized the resources available to Ben and thwarted the court's ability to feel confident that his needs of rehabilitation and community protection would be met within the community.

. . . .

After SB 200, there was an express limitation on the juvenile court's ability to remove children from their home and place them in the custody of the Department of Juvenile Justice when their only offenses consisted of misdemeanors and/or D felonies. SB 200 made the goal of keeping children in the community "except when absolutely necessary" more of a reality by limiting commitment to when the child either has a serious felony offense *or* when the child has a low-level offense, *and* the court has made several prior attempts at community interventions. Clearly, this factual description of SB 200 strengthens the notion that any person adjudicated within the juvenile system could be guaranteed treatment and services related to rehabilitation within the community. Ben Ross could and should have received various types of treatment from DJJ for an entire year. KRS 635.060(2)(c)(3). Williams failed to share the length of time a child can be probated to DJJ thereby misleading the court to believe that there was nothing available to an eighteen (18) year-old.

Ross's Brief at 8-12 (citations omitted). Ross requests this Court to review the above contention of error under the palpable error rule found in Kentucky Rules of Criminal Procedure (RCr) 10.26, as it was unpreserved.[4]

The prosecution and sentencing of a child as an adult are controlled by statutory law. Relevant herein, KRS 635.020 provides:

> (7) If a person who is eighteen (18) or older and before the court is charged with a felony that occurred prior to his eighteenth birthday, the court shall, upon motion of the county attorney made prior to adjudication, and after the county attorney has consulted with the Commonwealth's attorney, that the child be proceeded against as a youthful offender, proceed in accordance with the provisions of KRS 640.010.

And, KRS 640.010 reads, in pertinent part:

> (2) In the case of a child alleged to be a youthful offender by falling within the purview of KRS 635.020(2), (3), (5), (6), (7), or (8), the District Court shall, upon motion by the county attorney to proceed under this chapter, and after the county attorney has consulted with the Commonwealth's attorney, conduct a preliminary hearing to determine if the child should be transferred to Circuit Court as a youthful offender. The preliminary hearing shall be conducted in accordance with the Rules of Criminal Procedure.

---

[4] Kentucky Rules of Criminal Procedure (RCr) 10.26 provide:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

(a) At the preliminary hearing, the court shall determine if there is probable cause to believe that an offense was committed, that the child committed the offense, and that the child is of sufficient age and has the requisite number of prior adjudications, if any, necessary to fall within the purview of KRS 635.020.

(b) If the District Court determines probable cause exists, the court shall consider the following factors before determining whether the child's case shall be transferred to the Circuit Court:

> 1. The seriousness of the alleged offense;
>
> 2. Whether the offense was against persons or property, with greater weight being given to offenses against persons;
>
> 3. The maturity of the child as determined by his environment;
>
> 4. The child's prior record;
>
> 5. The best interest of the child and community;
>
> 6. The prospects of adequate protection of the public;
>
> 7. The likelihood of reasonable rehabilitation of the child by the use of procedures, services, and facilities currently available to the juvenile justice system; and
>
> 8. Evidence of a child's participation in a gang.

(c) If, following the completion of the preliminary hearing, the District Court finds, after considering

the factors enumerated in paragraph (b) of this subsection, that two (2) or more of the factors specified in paragraph (b) of this subsection are determined to favor transfer, the child may be transferred to Circuit Court, and if the child is transferred the District Court shall issue an order transferring the child as a youthful offender and shall state on the record the reasons for the transfer. The child shall then be proceeded against in the Circuit Court as an adult, except as otherwise provided in this chapter.

(d) If, following completion of the preliminary hearing, the District Court is of the opinion, after considering the factors enumerated in paragraph (b) of this subsection, that the child shall not be transferred to the Circuit Court, the case shall be dealt with as provided in KRS Chapter 635.

Per KRS 635.020(7), a child may be deemed a youthful offender if he was under eighteen years old when he committed the felony, and he subsequently attained the age of eighteen years at the time of the hearing. To be deemed a youthful offender, the requirements of KRS 640.010 must be satisfied. Notably, the district court must conduct a preliminary hearing. At the hearing, the district court must initially determine whether the child committed an offense and comes within the purview of KRS 635.020. If so, the district court then proceeds to consider the factors set forth in KRS 640.010(2)(b) and decides whether the child should be transferred to circuit court as a youthful offender. It must be emphasized that the district court shall consider every factor enumerated in KRS 640.010(2)(b) and set forth its findings as to each factor. *Harden v. Commonwealth*, 885 S.W.2d

323, 325 (Ky. App. 1994). If the district court ultimately concludes that two or more factors favor transfer, the court may order the child transferred as a youthful offender to circuit court. *Id.*

In this case, there is no dispute that probable cause existed; therefore, our analysis is focused upon the district court's consideration of the factors set forth in KRS 640.010(2)(b). At the preliminary hearing, the district court considered the offense to be very serious and to be against a person. The district court also noted that Ross did not have a prior criminal record. However, the district court believed that Ross was mature as he was seventeen at the time of the offenses. The court further concluded that it would be in the best interest of Ross to not be transferred, but it would be in the best interest of the community to transfer Ross to circuit court as a youthful offender. The district court did not view Ross as a danger to the public; nonetheless, given that Ross was an adult, the court did not believe that the juvenile justice system could rehabilitate Ross. The district court further noted that Ross was not involved in a gang. Ultimately, the district court concluded that the factors weighed in favor of transfer to the circuit court.

Upon review of the district court's decision to transfer, it is clear that the district court considered all the factors set forth in KRS 640.010(2)(b) and detailed its findings as to each factor. Additionally, the district court concluded that two or more factors favored transfer. Although Ross argues that the district

-9-

court received incorrect information upon the factor of Ross's reasonable rehabilitation in the juvenile justice system, the district court plainly found at least two other factors that did favor transfer under KRS 640.010(2)(b). Accordingly, we conclude that the district court did not commit error that resulted in manifest injustice by transferring Ross as a youthful offender to circuit court. *See* RCr 10.26; *Commonwealth v. M.G.*, 75 S.W.3d 714, 719 (Ky. App. 2002).

Ross also asserts that he should have been sentenced as a juvenile upon conviction of leaving the scene of an accident/failure to render aid in circuit court. Ross specifically argues:

> The Kentucky Juvenile Code states that when a juvenile is transferred to circuit court as a youthful offender but is later convicted of an offense that is not transferrable had that been the original charge (the charge is "exempt" from the transfer statute), the child shall be sentenced as a juvenile as provided for in KRS 635.060. KRS 640.040(4). . . .
>
> . . . .
>
> While Ben was initially charged with 3 Class D Felonies, . . . [he] was transferred under KRS 635.020(7) because he was 18 years of age at the time he was "before the court" but was under the age of majority when the incident occurred which qualified for a charge as a D felony. Under the statute and case law, Ben cannot be sentenced as a youthful offender unless the charge that he pled guilty to was a transferrable offense. Here, Ben was convicted of a class D felony, other than having turned eighteen (18) years old, would not have been transfer eligible. Since Ben had no prior juvenile felony

-10-

adjudications, the charge was not transferrable and he
was only eligible to be sentenced as a juvenile.

Ross's Brief at 14-16. Ross again requests this Court to review this assertion under
the palpable error rule of RCr 10.26.

To be sentenced as a youthful offender, the child must qualify for
transfer to circuit court as a youthful offender per KRS 635.020 and "continue to
qualify him as a youthful offender under one of the provisions in KRS 635.020(2)-
(7)" upon conviction in circuit court. *Chipman v. Commonwealth*, 313 S.W.3d 95,
97 (Ky. 2010). Simply stated, "to be properly sentenced as an adult, a child must
qualify as a youthful offender both for prosecution and for sentencing" under KRS
635.020(2)-(7). *Chipman*, 313 S.W.3d at 97.

In this case, Ross was initially charged with the offenses of tampering
with physical evidence and leaving the scene of an accident/failure to render aid.
Both of these offenses were Class D felonies. KRS 524.100(2); KRS
189.580(1)(a); KRS 189.990(1). The district court ultimately transferred Ross to
circuit court as a youthful offender pursuant to KRS 635.020(7). Under KRS
635.020(7), a person may be transferred to circuit court as a youthful offender if he
is at least eighteen years old at the time of the hearing and committed a felony
before turning eighteen years of age.

In the circuit court, the jury convicted Ross upon the offense of
leaving the scene of an accident/failure to render aid, with serious physical injury

-11-

or death of the victim. This offense is a Class D felony and would qualify Ross as a youthful offender under KRS 635.020(7). As a result, Ross was properly sentenced as an adult in circuit court.

For the foregoing reasons, the judgment of the Scott Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Londa J. Adkins
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky